# Warren *v.* Mobile and Montgomery Railroad Co.

*Action for Damages against Railroad Company, for Personal Injuries causing Death.*

*Consolidation of railroad companies; when action lies against new company.* — Where an act of the general assembly, consolidating two railroad companies into one under a new name, provided that the consolidation and change of name "shall in no way affect the rights of the creditors of said companies, and their separate existence shall be continued as to all the rights and remedies of creditors;" and that the president of the new company "shall be held in law, as to service of process, as the president of" each of the old companies; and that the new company "may dispose of any property, real or personal, held by each of said companies, and make and execute titles for the same, and sue for and recover in its name all debts, dues, and demands, of every kind and description whatsoever, due to each of said companies," — *held,* that an action at law might be maintained against the new company, to recover damages for personal injuries caused by the wrongful act of one of the old companies.

APPEAL from the Circuit Court of Montgomery.

Tried before the HON. JAMES Q. SMITH.

This action was brought by Mrs. Louisa J. Warren, as the administratrix of the estate of her deceased husband, James F. Warren, to recover damages for the wrongful act which caused the death of her said husband, who was killed on the 9th day of September, 1868, while travelling as a passenger on the Mobile and Great Northern Railroad Company, and whose death was alleged to have been caused by the negligence or other wrongful act of an officer or agent of the said railroad company. The defendant corporation was chartered by an act approved August 5, 1868, entitled " An act to consolidate and make joint stock of the Mobile and Great Northern Railroad Company and the Alabama and Florida Railroad Company of Alabama, and to change the name of said companies to the Mobile and Montgomery Railroad Company." The 6th section of said act of incorporation is in these words : " Sec. 6. *Be it further enacted,* That the consolidation of said Alabama and Florida Railroad Company with said Mobile and Great Northern Railroad Company, and the change of the name of the said companies, as provided for in the foregoing sections of this act, shall in no way affect the rights of the creditors of said companies, and their separate existence shall be continued as to all the rights and remedies of creditors ; and the president of the Mobile and

[Warren v. Mobile and Montgomery Railroad Company.]

Montgomery Railroad Company shall be held in law, as to service of process, as the president of the said Alabama and Florida Railroad Company, and of the Mobile and Great Northern Railroad Company; and the said Mobile and Montgomery Railroad Company may dispose of any property, real or personal, held by each of said companies, and make and execute titles for the same, and sue for and recover in its name all debts, dues, and demands, of every kind and description whatsoever, due to each of said companies." The 7th section provided that the said act should go into effect at such time as might be fixed by the presidents of the two companies, "upon their giving ten days' notice of such time in two newspapers published in each of the cities of Mobile and Montgomery;" but the record does not show when this was done.

The action was brought under section 2300 of the Revised Code. The court sustained a demurrer to the complaint, and the judgment on the demurrer is now assigned as error.

JNO. G. WINTER, for appellant. — 1. The complaint expressly avers that the defendant corporation was formed by the consolidation and amalgamation of the two specified railroad companies under the authority of an act of the legislature approved 5th August, 1868, "which said act is made a part of this complaint; by virtue of which, said consolidated company became liable to the satisfaction of the plaintiff's demand, and which said last named corporation is the defendant." It was not necessary that the act of incorporation should be set out, or specially pleaded. Rev. Code, § 2698.

2. The general rule is well settled, that an amalgamated corporation is liable for all the debts and obligations of the constituent corporations at the time of the consolidation. *Philadelphia, Wilmington & Baltimore Railroad Company* v. *Howard*, 13 Howard, 307; *Indianapolis, Cincinnatti & La Fayette Railroad Company* v. *Jones*, 29 Indiana, 465; Withrow's Corporation Cases, 351; Redfield on Railways, vol. 2, pp. 659–62.

3. The 6th section of the defendant's charter in this case was not intended to change this settled rule of law. It was obviously designed to guard and preserve the rights of creditors, and to give them a cumulative remedy. If otherwise construed, then the plaintiff does not come within its provisions, as she is not a creditor; and she is left to her common law remedy. It never could have been intended that the new company should take the assets of the old companies, sell and dispose of them at pleasure, and collect all the debts due to them, leaving the creditors of those companies, and those who had claims against them, to obtain a barren judgment against

the old companies, and then seek to follow the assets in the hands of third persons, who might be innocent purchasers.

H. C. SEMPLE, *contra.* — 1. The complaint was obnoxious to each of the causes of demurrer specifically stated. The cause of action was not stated with that precision and definiteness which is required by the rules of pleading.

2. The complaint shows no cause of action against the defendant; but, on the contrary, shows that the action should have been brought against the Mobile and Great Northern Railroad Company. The legislative act, which is relied on as showing the consolidation of the two old companies into a new one, is not set out in the complaint, nor described otherwise than as "An act approved August 5, 1868, which said act is made a part of this complaint." This averment is not sufficient to make the act referred to a part of the complaint, nor even to identify it; and being a private act, the court cannot notice it, unless it is specially pleaded, or given in evidence. *Moore* v. *The State,* 26 Ala. 88; *Drake* v. *Flewellen & Co.* 33 Ala. 103; *City Council of Montgomery* v. *Plank Road Co.* 31 Ala. 76; *Harbor Masters* v. *Southerland,* 47 Ala. 512.

3. If the said act is to be deemed a part of the complaint, as if it had been set out at length therein, the complaint would still be fatally defective. An act of the legislature cannot, *proprio vigore,* fix a liability of one person upon another. The statement of such a proposition shows its absurdity. Nor does the act itself propose or pretend to do this absurd thing. It simply authorizes the companies themselves to assent to a consolidation, points out the manner in which they may signify their assent, and expressly provides that the consolidation shall not be effectual until certain things are done, and notice thereof has been given as provided in the 7th section. The complaint does not show that these things have ever been done, and, therefore, fails to show that there has been any consolidation.

4. If the act is to be construed as a part of the complaint, and as affecting a consolidation of the old companies by its own force, then the action is misconceived, as the 6th section clearly shows that the suit should have been brought against the old company, whose wrongful act is complained of. The old companies are expressly continued in existence for the purpose of such suits, and provision is made for the service of process against them on the president of the new company.

B. F. SAFFOLD, J. — Judgment was given against the plaintiff, on demurrer to her complaint. The complaint consists of many counts, and alleges, in substance, that the plaintiff, as administratrix of the estate of James F. Warren, de-

ceased, claims of the defendant, the Mobile and Montgomery Railroad Company, damages; because her husband and intestate, being at the time a passenger on a train belonging to the Mobile and Great Northern Railroad Company, was killed by the wrongful act, or culpable negligence, of an officer or agent of the said company, unknown to the plaintiff, in causing the engine, locomotive, and cars to fall from the track of the road; that the act was one for which the intestate might have maintained an action against the company if it had not produced death; that afterwards, and before the commencement of the suit, the said Mobile and Great Northern Railroad Company was consolidated and amalgamated with the Alabama and Florida Railroad Company into one company, or corporation, under the name and style of the Mobile and Montgomery Railroad Company, by an act of the General Assembly approved August 5, 1868; and that by such consolidation the defendant became liable to the satisfaction of the plaintiff's demand. The demurrer, besides several grounds which were removed by amendment, averred that the complaint did not set out with sufficient particularity in what the wrongful act consisted, and did not show a cause of action against the defendant.

The first objection is not tenable, as the falling of the engine and cars from the track was alone sufficient to kill a passenger; and this is very distinctly alleged. The principal objection to the complaint seems to have been that the suit ought to have been against the Mobile and Great Northern Railroad Company, *eo nomine*. The act of consolidation provides that the rights of the creditors of the said two companies shall not thereby be in any way affected. It continues the separate existence of the companies, as to all the rights and remedies of their creditors, and constitutes the president of the new organization, in law, as to the service of process, the president of either of the original corporations. Acts 1868, p. 82. The new company was authorized to " dispose of any property, real or personal, held by each of said companies, and make and execute titles for the same," and " to sue for and recover in its name, all debts, dues, and demands, of every kind, and description whatsoever, due to each of said companies."

The purpose of the act, in preserving the separate existence of the companies, was not to prescribe the manner in which demands against them were to be enforced, but, out of abundant caution, to make sure that no remedy for their enforcement should be lost or impaired by the amalgamation. If a case should arise in which the new organization would not be amenable for the liability of the others, this provision saved the remedy. Besides, it set at rest any question of the dissolution of the former corporations by the consolidation. Gener-

ally, in torts, if either party die, the action is gone. The existence of the Mobile and Great Northern Railroad Company is preserved for the purpose of this suit. While the action might have been maintained against it, by service of process on the president of the defendant, it might also have been necessary to bring a suit against the defendant to recover the assets. The laws abhors circuity of action, and there is no good reason why the defendant who is to pay may not be directly sued. *Phil., Wil. & Balt. R. R. Co.* v. *Howard*, 13 How. 333; *Ready & Banks* v. *Tuscaloosa*, 6 Ala. 327; 1 Tidd's Prac. 9.

The demurrer was improperly sustained. The judgment is reversed, and the cause remanded.

NOTE BY REPORTER. — On a subsequent day of the term, the appellee's counsel having filed a petition for a rehearing, the following opinion was delivered : —

B. F. SAFFOLD, J. — The appellee insists that the complaint is subject to demurrer, because it does not show how the said appellee became responsible for the act of the Mobile and Great Northern Railroad Company. The complaint avers, in the first count, thatt he Mobile and Great Northern Railroad Company and the Alabama and Florida Railroad Company were consolidated and amalgamated into one corporation, by authority of the legislature, and that, by virtue of such amalgamation, the consolidated company became liable to the satisfaction of the plaintiff's demand. It then avers that the consolidated company is the defendant. The act of the legislature authorizing the consolidation, and directing terms upon which it should be done, and the compliance with it by the constituent companies, would be legitimate evidence under the allegations of the complaint.　　　A rehearing is denied.