The Columbus, Chicago and Indiana Central
Railway Company

*v.*

William B. Skidmore.

1. Evidence—*certified copy of articles of consolidation of railroad companies.* In a suit against a consolidated railway company upon promissory notes given by one of the original companies forming the new company, copies of the articles of consolidation on file in the office of the Secretary of State, duly certified by the Secretary of State, and authenticated by his seal of office, are competent evidence to prove the consolidation, the same as the original articles would be.

2. Consolidation of railroads—*in what name to be sued.* Where a railroad company, after the execution of promissory notes, is consolidated with another company, and the company thus formed assumes a new name, the company may be sued by the new name thus assumed, and it will be estopped from denying the name by which it is sued.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. E. WALKER, for the plaintiff in error.

Mr. GEORGE WILLARD, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the circuit court of Cook county, by William B. Skidmore against the Columbus, Chicago and Indiana Central Railway Company. The plaintiff, in his declaration, counted upon two promissory notes executed by the Chicago and Cincinnati Railroad Company to one Thomas Munroe, and by him indorsed to the plaintiff. The money counts were added, and the declaration alleges that, by several successive consolidations with other railroad companies, the makers of the notes finally became consolidated with the company against whom the action is brought.

The plea was, the general issue, and submitted to the court without a jury, who found for the plaintiff the amount of the notes and interest, and rendered judgment therefor.

To reverse this judgment the defendants bring the record here by writ of error, and the only question they make upon it, is, as to the competency of the certificates of the Secretary of State to prove the several articles of consolidation.

Of this, we think there can be no doubt.

In February, 1854, the General Assembly of this State passed an act respecting the consolidation of railroads and plank roads, the second section of which provides, that each consolidated company shall file for record, in the office of the Secretary of State, a copy of the articles of consolidation, evidenced by the signature of the presiding officer of each of the said companies, and the corporate seal thereof. Sess. Laws, 1854, p. 9.

These articles, on being so filed, became records of that office.

By an act passed by the same body on the 9th of March, 1869, it is provided, that copies of all bonds, papers, writings and documents legally deposited in the office of the Governor or Secretary of State, when certified by the Secretary of State, and authenticated by the seal of his office, shall be received in evidence in the same manner and with like effect as the originals. Sess. Laws 1869, p. 399.

These articles were legally deposited in the office of the Secretary of State, and were filed of record. On general principles, properly certified copies would be evidence, but the statute declares they shall be received, and be as competent as the originals.

What the effect of these several consolidations may be, we do not now say, that question not being before us.

We go no farther now than to say, the consolidation estopped the defendants from denying the name by which they were sued, and that the old company executing the notes by the name then used, has, by force of the consolidation, assumed the name by which they were sued.

The second section of the act of 1854, before cited, expressly provides that the consolidated company may agree upon a name, and by that name shall sue and be sued. In the absence of all proof to the contrary, we will intend the name now borne is the name agreed upon.

These being our views, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*