## The Marquette, Houghton & Ontonagon Railroad Company v. George N. Langton and another.

*Consolidated companies: Cause of action against original company: Declaration.* Where a recovery is sought from a consolidated railroad company for a cause of action which originally accrued with one of its constituents, the declaration must show against what company it arose, and aver such facts as will subject the new company to liability upon it.

*Railroads: Negligent carrying: Condition of goods when received: Evidence.* In an action against a railroad company for negligence in carrying hay, whereby it was wet and damaged, it is a necessary part of the plaintiff's case to show the condition of the hay when it was delivered to the defendants; and evidence of its condition at a distant port from which it was shipped by vessel to the place of delivery to the defendant could only be resorted to in the absence of more direct proof.

*Railroads: Negligent carrying: Condition of goods when received: Evidence: Cross-examination.* But where proof of such condition at such distant port is admitted as evidence of its condition at the port of delivery, it is legitimate on cross-examination to inquire into the mode of its transhipment, the manner of its stowage, the weather, and the condition in which it arrived; this covers ground which by the direct evidence is left to inference, and on which the plaintiff had the burden of proof.

*Railroads: Freight: Negligence: Damages.* In such an action the recovery could be only such damages as the defendant's misconduct caused; and the value at the place of destination could not properly be the test, except subject to a deduction of the freight for carrying it there from the place of delivery; and the price of sound hay could not be recovered without proof that sound hay had been delivered to defendant and injured while in its custody.

*Heard June 10. Decided June 15.*

Error to Marquette Circuit.

MARQUETTE, HOUGHTON & ONTONAGON RAILROAD COMPANY
*v.* LANGTON.

*Ball & Black* and *W. D. Williams*, for plaintiff in error, were stopped by the court.

*Adams & Sutherland*, for defendants in error.

CAMPBELL, J:

Defendants in error sued plaintiffs in error for damages for not safely carrying and delivering certain hay from Marquette to Negaunee. The hay was found to be wet and damaged, and a portion was not carried at all, but left at Marquette. The carriage was by the Marquette and Ontonagon Railroad Company, which afterwards became consolidated with another company into the corporation which is a party to this suit.

The declaration averred nothing concerning the old company, but charged the transaction as having been with the present corporation. This was claimed on the trial to have been a variance, but the court below held otherwise. In this there was error. Such an allegation could only be proper where the same corporation continues under a new name. But while our laws subject consolidated companies to the obligations of their constituents, the consolidation creates a new and distinct corporation, and any declaration against this for an old cause of action should show against what company it arose, and aver such facts as will subject the new company to be sued upon it. The ruling to the contrary was erroneous.

The principal controversy on the trial arose concerning the condition of the hay when received by the railroad company, and the care or negligence of the company in handling it. If the hay was in dry and good condition when so received, the responsibility for damage would have been very different from that arising under different circumstances. The first thing devolving on plaintiffs below was proof of the condition of the hay when taken into control of the railroad at Marquette.

Instead of attempting any such proof, the plaintiffs below

confined themselves to testimony of its condition when shipped at Sheboygan in Wisconsin, where it was loaded on a vessel, partly below and partly on deck. The idea seemed to be that, having shown an original shipment in good order at Sheboygan, they cast upon defendants the burden of showing that the hay was damaged on the voyage. And after showing this original condition, on the direct examination, they objected to any inquiry on cross-examination, either into the weather, the conditions of stowage, or the condition when unloaded at Marquette; and the court shut out this cross-examination, on the ground that it was matter of affirmative defense.

These rulings cannot be sustained on any principle whatever. It was a necessary part of plaintiffs' case to show a delivery at Marquette to the railroad company of hay in good order, and the failure by the company to carry and deliver it in good order; or, in other words, that the hay had been damaged by their neglect. It was going very far to allow any inquiry whatever into the condition of the hay before it reached the railroad, and such indirect proof could only be properly resorted to in the absence of more direct evidence. Its object could only be to furnish means of knowing the condition at Marquette; and, except as it may have had a bearing on that fact, it was useless and improper. Cross-examination upon any facts which would in any way aid in explaining that condition, or its causes, was not only pertinent, but went to the most vital part of plaintiffs' case. It covered ground which plaintiffs ought not to have left to inference, and on which they had the burden of proof. It formed no part of the defense. It was for plaintiffs to make out the good condition of their property in the first place. Defendants were not concerned with its condition before they received it, and were not bound to make any showing on the subject, unless in denial of a case made out against them on the plaintiffs' proofs. The defense was not in avoidance, but in denial of plaintiffs' case.

This error runs through a large part of the testimony,

MARQUETTE, HOUGHTON & ONTONAGON RAILROAD COMPANY
v. LANGTON.

and is a very serious and dangerous one, entirely subversive of the purposes of cross-examination.

There is also some confusion upon the question of damages. The plaintiffs could only recover in such a case the damages caused by the misconduct of the railroad. The value at the place of destination could not properly be taken as a test, without deducting what it cost to have defendants take it there; and the value of sound hay could not be recovered unless sound hay had been delivered to defendants, and injured while in their custody. The record is somewhat blind upon several questions raised by the assignment of errors, and it will be better to omit discussing questions not clearly stated, as well as those not likely to arise again.

For the reasons given, the judgment must be reversed, and a new trial granted, with costs of this court.

The other Justices concurred.