## NEW BEDFORD RAILROAD COMPANY *vs.* OLD COLONY RAILROAD COMPANY.

Worcester. Jan. 5. — June 20, 1876. AMES & DEVENS, JJ., absent.

By the St. of 1874, *c.* 55, the Old Colony Railroad Company was authorized to purchase the rights, franchise and property of the Middleborough and Taunton Railroad Corporation, and the latter was authorized to convey to the former its franchises and property, rights, easements, privileges and powers, and thereupon the former corporation was to "be subject to all the duties, liabilities, obligations and restrictions to which said last named corporation may be subject." *Held,* that the Old Colony Railroad Company, upon the completion of the purchase and conveyance, became directly liable in an action of tort for damage occasioned by the prior neglect of the Middleborough and Taunton Railroad Corporation.

TORT. The declaration was as follows:

"And the plaintiff says that it was, at the time of the acts below set forth, the owner, and operating as common carrier of persons and freight, a railroad for the conveyance of passengers and freight; and that said railroad formed a junction with the railroad of the Middleborough and Taunton Railroad Company, and at said junction the track of said last named railroad was connected with the track of the plaintiff's railroad by means of a switch, and it became, and was, by the provisions of law and the agreement of said railroad companies, the duty of the said Middleborough and Taunton Railroad Company to have the care

and custody of said switch, and to so arrange the same that the trains of the plaintiff could at any and all proper and reasonable times pass said switch in safety, and so that the line of the track of the plaintiff's railroad should be continuous and unbroken at the place of said junction ; but the said Middleborough and Taunton Railroad Company negligently and carelessly managed and controlled said switch, so that upon the approach of a passenger train of the plaintiff upon its said road, and while the plaintiff was using due care in the management of its said road and train, the said train was violently thrown from the track at said junction, by reason of the said switch being misplaced by said Middleborough and Taunton Railroad Company and its servants and agents, and the engine and cars of the plaintiff were thereby greatly injured, and the track of the plaintiff torn up and destroyed, and the passengers and other persons upon said train received grievous injuries, and the plaintiff has been obliged to expend large sums of money in repairing said track, engine and cars, and in compensating said passengers and persons, and paying them the damages to which they were legally entitled for said injuries, and has been subjected to other serious damages, burdens, liabilities and expenses by reason of said carelessness and negligence of the said Middleborough and Taunton Railroad Company.    And by the provisions of the statute of 1874, chapter 55, the said Middleborough and Taunton Railroad Company was authorized to convey its franchises, property and rights to the defendant, and, since the acts above set forth, has conveyed and assigned, in accordance with the provisions of said statute, to the defendant, all its franchises and property, and all the rights, easements, privileges and powers which had been granted to said Middleborough and Taunton Railroad Company, and, by virtue of the provisions of said act, the defendant is liable to compensate the plaintiff for said negligence and misconduct of the Middleborough and Taunton Railroad Company in this action."

The defendant filed a demurrer to the declaration, assigning the following causes therefor:

"1, That said declaration does not state a legal cause of action substantially in accordance with the rules contained in the Gen. Sts. c. 129.

" 2. That the matters set out in the plaintiff's declaration are insufficient in law to enable it to maintain its action.

" 3. That as a matter of law the defendant is not liable by the provisions of the St. of 1874, *c.* 55, for the tortious acts of the Middleborough and Taunton Railroad Company, or those of its agents or employees prior to said act, or prior to any conveyance of its property, under the provisions of said act, to the defendant.

" 4. That as matter of law, by the provisions of said act, the defendant is not in any event directly liable to the plaintiff's action; nor is it, as a matter of law, in any way liable to the plaintiff's action by the provisions of said act."

The case was reserved by *Colt,* J., on the demurrer, for the consideration of the full court.

*W. W. Rice,* for the defendant.

*G. A. Torrey,* for the plaintiff.

Colt, J.  The St. of 1874, *c.* 55, authorizes the defendant cor poration " to purchase the rights, franchise and property of the Middleborough and Taunton Railroad Corporation," and gives to the latter corporation, upon such purchase, power to convey to the Old Colony Railroad Company " its franchises and property, and all the rights, easements, privileges and powers granted to it."  It also declares that upon such conveyance the defendant corporation shall " have and enjoy all the rights, powers, privileges, easements, franchises and property of said Middleborough and Taunton Railroad Corporation, and be subject to all the duties, liabilities, obligations and restrictions to which said last named corporation may be subject."

This action is to recover damages for a tortious act of the Middleborough and Taunton Railroad Corporation, for which it was liable previously to the time of the purchase; and the questions raised by the demurrer are, whether the defendant is liable for that act, and, if so, whether an action can be maintained directly against it, or must be first brought against the other corporation.

The answer to these questions depends upon the intention of the Legislature, to be deduced from the terms of the statute and the manifest purpose of the act.  The language is broad enough to place the defendant in all respects in the position of the other

corporation, upon the conveyance and assignment provided for It is equivalent to an amalgamation of the two; all the franchises, privileges and powers are transferred, without reservation; not merely the franchise to own and manage a railroad, but the franchise of being a body politic, with rights of succession, of acquiring, holding and conveying property, and of suing and being sued by its corporate name. It puts out of the reach of creditors all property liable to attachment to satisfy claims, either in contract or tort. It practically terminates the corporate existence of the selling corporation, except, perhaps, so far as such existence may be necessary in order to hold and distribute the consideration received for the sale, or to meet the requirements of the statute which prolongs the life of all corporations for three years after dissolution, for the purpose of enabling them to close their concerns. Gen. Sts. c. 68, § 36. It operates as a dissolution of the corporation by force of the statute and of the assent manifested by the sale. *Lauman* v. *Lebanon Valley Railroad,* 30 Penn. St. 42.

In view of these results, it would be a narrow construction to hold that when the statute subjects the purchasing corporation " to all the duties, liabilities, obligations and restrictions " of the other, it only intended to impose those obligations which the corporation owed the public under its charter and the laws of the Commonwealth, and that the property transferred was only that by which it served the public in the exercise of its franchise. In the absence of express provision, it cannot be inferred that it was the intention of the act to impair claims of third parties for existing liabilities, or to shorten the time within which the remedy must be pursued. The question is not whether the statute compels the creditor to accept the defendant corporation as a new debtor against his will, or an injured person to resort to a stranger for satisfaction, but whether it empowers the creditor or the person injured to resort, if he chooses, in the first instance, to the corporation which, by the terms of the statute, is made liable to him. And we are of opinion that it does, and that the privity necessary to support this action is created by the statute and the purchase and conveyance under it.

*Demurrer overruled.*