MO. PACIF. R'Y Co. v. S. A. OWENS.

(No. 2551, Op. Book No. 4.)

APPEAL from McLennan County.   Opinion by WILLSON, J.

§ 384. *Consolidation of railroad companies; whether affected in fact by the terms of a lease.*   On the 4th day of May, 1881, the M., K. & T. R. R. Co. executed to the Mo. Pac. R. R. Co. a lease of eight hundred and twenty-six miles of constructed railroad for a term of ninety-nine years.   That portion of the railroad upon which the injuries complained of in this case occurred was not then constructed, and was not embraced in the lease except by the following provision: "And it is further

163

covenanted and agreed by and between the parties hereto, that the extension now under construction by the party of the first part in Texas from Greenville to Mineola, and from Fort Worth south to a point in Williamson county, whenever such additional road or branches shall be completed or acquired and ready for operation, shall be and the same are embraced herein, and shall be taken and operated by the party of the second part under like terms and conditions with those specified for the eight hundred and twenty-six miles before mentioned." It is contended that this lease is a virtual consolidation of the two companies. *Held*, whatever may be the effect of the lease, it cannot be a lawful consolidation of the companies. No inherent power exists in corporations to consolidate. A contract of consolidation to be valid must have legislative assent. [Field on Corporations, secs. 426, 427.] In this state consolidation is expressly prohibited, not only by statute [Rev. Stats. arts. 4246, 4247], but by the organic law. [Const. art. 10, secs. 5 and 6.] We do not think the lease before us comes within the meaning of a consolidation as technically understood, though practically it may accomplish, and was intended to accomplish, in some respects, the same purposes and results. [Field on Corp. secs. 423, 425, 426.] If it was so intended, and this form of conveyance was resorted to for the reason that under the laws of this state a consolidation was unauthorized, then we think that as to creditors and all persons not parties and privies to the lease, it should be treated and considered, as to its legal consequences and effects, as a consolidation of the two companies — that is, a creation of *one* company out of the *two*. The companies will not be permitted, under the pretense of a lease, to enjoy the advantages without bearing the liabilities attaching to such consolidation. We cannot say from the lease itself that such was the intention of the parties. It seems what it purports to be, a *bona fide*, valid lease of the property and rights therein mentioned for the term of ninety-nine years.

§ **385.** *Franchises, right of way, etc.; sale of.* Power under the law to mortgage or sell property, or lease it for a term, does not extend to the franchises of a corporation, including the right of way and other property essential to such franchises. These cannot be alienated without legislative authority or sanction. [Pierce on Railroads, secs. 496–503, 514.] In this state there is no statutory provision authorizing the sale or transfer of the franchises of a railroad corporation, except under deed of trust, order of sale, or execution for the payment of debts. [Rev. Stats. title 84, chap. 11, art. 4259 et seq.]

§ **386.** *Liability of consolidated or lessee company for existing debts of old company.* It is well settled that a consolidated corporation, for the purpose of answering for the liabilities of the old corporations, is deemed the same as each of its constituents, and may be sued under its new name for their debts, as if no change had been made in the name or organization of the original corporation. [R. R. Co. v. Shirley, 44 Tex. 125; Jones on R. R. Securities, sec. 415.] This rule results from the very necessity of the case, and to prevent the failure of justice. [R. R. Co. v. Jones, 29 Ind. 465; Field on Corporations, 434, 435; R. R. Co. v. Skidmore, 69 Ill. 566.] A lessee takes the property conveyed free from all incumbrances of which he has no notice, but if he has notice he takes the property subject to them. But if the lessor is indebted, and such indebtedness is not a lien or charge upon the leased property, he will not be bound for such indebtedness, although he may have notice thereof, unless there be fraud in the transaction, which would, of course, vitiate and set it aside.

§ **387.** *Damages for breach of conditions occurring prior to the lease.* In the right of way contract between railroad and owner of land, which operated to vest at once the easement in the land, and in which it was stipulated that the company should not throw down the grantor's fences and allow his stock to escape, and that he should have the wood on the right of way, such con-

ditions were subsequent ones, for the breach of which an action, either for specific performance or damages, would lie, as the grantor might elect.    But in the absence of any obligation assumed by the lessee to that effect, the right of the owner to his action for a breach of the conditions occurring prior to the lease must be limited to the company committing the breach.    [Mills on Em. Dom. sec. 113; Pierce on R. R. 135, 136; R. R. Co. v. McKinney, 55 Tex. 176.]

§ **388.** *Liability under the lease dependent upon the intention of the parties to its execution; evidence to establish intention.*    If it was the intention of the two railroad companies to effect a virtual consolidation by means of the lease, then the legal liability of the lessee company would be that attaching to a lawfully consolidated company, and this intention may be arrived at and proved not only by the lease itself, but by all the circumstances attending and connected with its execution, and by the acts and expressions of the companies through their officers and agents in regard thereto.    The lessee cannot object that, because consolidation would be illegal, therefore the lease cannot be construed to have the effect of a consolidation.    A corporation, no less than a person, will not be permitted to take advantage of its own wrong. The question of intent is a question of fact, to be proven in the same manner and determined upon the same character of evidence as other facts.    If the intent really was consolidation and not lease merely, the lessee is liable for injuries sustained, notwithstanding those injuries occurred prior to the transfer of the property.    If the conveyance is what it purports to be, a valid lease, then the lessee company would not be liable for injuries unless they occurred while it was constructing or operating the road; in other words, it would not be liable for any breach of contract or for any tort committed by the lessor prior to the lease.

§ **389.** *Evidence by general reputation.*    Evidence of general reputation in the community is not admissible to

166

prove that appellant was constructing the road. [Jackson v. Brown, 18 Johns. 37; Trowbridge v. Wheeler, 1 Allen, 162; School District v. Blakeslee, 13 Conn. 227.]

§ 390. *Evidence of acts and statements of agents.* Evidence of acts and statements of agents and officers of a railroad in regard to the ownership, management, control or construction of the road, if such acts were performed or statements made while such officers and agents were engaged for the company, may be admitted; but, before they are admissible, it must be proved by other evidence than the officer's or agent's declarations that he was such officer or agent. [Latham v. Pledger, 11 Tex. 445; Abbott's Trial Ev. p. 191.]

June 13, 1883          Reversed and remanded.