## LANGHORNE

*v.*

## RICHMOND CITY RY. CO. & AL.

(*Supreme Court of Appeals of Virginia, March 15, 1894.*)

[19 S. E. Rep. 122.]

**Railroad Companies—Foreclosure of Trust Deed—Consolidation of Corporations—Liability of Successor.**

The R. R. Co. was incorporated May 17, 1860, under Act March 20, 1860, in which said company was subject to chapters 56, 57, Code 1849, and not to chapter 61 of said Code. The company continued to run cars as the R. R. Co. until November 20, 1890. It executed three deeds of trust, the last two of which were foreclosed March 15, 1881, and were purchased by its stockholders and officers, who claimed to act under chapter 61, Code 1849, and business was carried on as the R. C. R. Co. On May 17, 1882, one of said purchasers, who was president of R. C. R. Co., obtained from the city of Richmond an extension of the charter of R. R. Co. to January 31, 1900, and by Act March 17, 1884, the R. C. R. Co. was recognized as the same corporation as R. R. Co., under which act on October 14, 1890, the R. R. Co. conveyed to R. R. & E. Co. all its property and franchises, the last company assuming all debts and liabilities of R. R. Co.: *held*, in an action for personal injuries suffered in 1880, that as defendant acquired the supposed right to be a new corporation under chapter 61, Code 1849, from which it was expressly excluded by its organic act, it had no right to the exemptions therein given to new purchasers of corporate property from the debts of the old concern, and that, as the sale was only of an equity of redemption, and not of all the property, the corporate life of the R. R. Co. was not obliterated.

**Same—Same—Same—Same.**

When several companies have become consolidated, the new company may be sued directly upon a cause of action existing against one of the consolidated companies; but the declaration should show against which company it arose, and such facts as will subject the new company to the suit.

Error to circuit court of city of Richmond.

Action by Charles M. Langhorne against the Richmond Railway Company, otherwise known as the Richmond City Railway Company and the Richmond Railway & Electric Company. From a judgment sustaining a demurrer to his declaration, plaintiff brings error. Reversed.

*W. P. De Saussure* and *James Lyons,* for plaintiff in error.

*Wyndham R. Meredith,* for defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of Charles M. Langhorne, an infant, who sued by Jennie R. Langhorne, his next friend, complains of a judgment pronounced by the circuit court of the city of Richmond on the 22d day of June, 1891, in an action of trespass on the case therein pending, wherein he is plaintiff, and the Richmond Railway Company (also known as the Richmond City Railway Company and the Richmond Railway & Electric Company) is defendant. There was a demurrer to the declaration, which said demurrer was sustained by the court, and the suit was dismissed, with costs against the plaintiff. The question to be decided by this court, upon the record presented, is, did the circuit court err in sustaining the demurrer to the declaration, and in rendering judgment for the defendant, and dismissing the plaintiff's suit with costs against him, without a trial upon the facts and merits of the case? The plaintiff, in his declaration, alleged: That the defendant, the Richmond Railway Company, was, on the 17th day of May, 1860, under and by virtue of an act of assembly of Virginia passed the 20th day of March, 1860, created a body politic and corporate, subject to the laws of Virginia relating to corporations found

in the fifty-sixth and fifty-seventh chapters of the Code of Virginia of 1849 (and not subject to the laws relating to corporations found in the sixty-first chapter of said Code), under the corporate name of the Richmond Railway Company, and under said name conducted the business of a street railway, moved by horse cars, in the streets of Richmond, and continued to do so up to and until the 20th day of November, 1890. That said company, being empowered by its charter so to do, did, on the 20th of September, 1866, execute to William F. Taylor and Thomas G. Jackson, trustees, a deed of trust conveying all its property, works, and franchises for the purpose of securing the payment of its bonds to the amount of $150,000, which lien was duly recorded in the proper clerk's office of the city of Richmond, Va. ; and the said deed, up to the time of this trial, still remained on record, unreleased and of full force and effect, and the debt secured thereby unpaid. That on or about the 3d day of April, 1874, the said company executed a second deed of trust, conveying all of its said works, property, and franchises to Thomas G. Jackson and William F. Taylor, trustees, to secure the payment of a second issue of bonds, amounting to $30,000, and on the 3d of October, 1880, executed to Thomas G. Jackson and Thomas G. Peyton, trustees, a third deed of trust, conveying its said property, works, and franchises to secure the payment of its said last-mentioned issue of $30,000 of bonds, or an extension of the same. That, on the 15th of March, 1881, the said Thomas G. Jackson, as surviving trustee under the said second deed of trust, and Thomas G. Jackson and Thomas G. Peyton, trustees under the said third deed of trust (the said first lien being still outstanding and unreleased, and the debt of $150,000 secured thereby unpaid), made a sale of all their rights, title, and interest, by virtue of the said second and third liens, in and to the property and works of the said railway company, and

the same was purchased by Channing M. Button, Parker Campbell, and J. Lawrence Schoolcraft at and for the price of $2,000,—the said purchasers being the owners of the stock and bonds of the sold corporation, as well as its officers, claiming to act under and by virtue of the sixty-first chapter of the Code of 1849, from the operation of which this corporation was excepted by the terms of the act of the 20th of March, 1860, under which the said company was incorporated,—who continued to carry on the business of said corporation, subject to the said lien of the first deed of trust, styling themselves the Richmond City Railway Company. That subsequently to the 2d day of January, 1882, said Parker Campbell, styling himself president of the said Richmond City Railway Company, filed his petition with the common council of the city of Richmond, praying for an extension of the charter of the Richmond Railway Company, in pursuance whereof the said common council of the city of Richmond, on the 17th day of May, 1882, passed an ordinance extending the charter of the Richmond Railway Company, and continuing to it its powers and privileges until the 31st December, 1900. That by an act of assembly of Virginia passed the 17th day of March, 1884, the said Richmond City Railway Company was "recognized" as the same corporation that was chartered by and under the act of assembly of Virginia of March 20, 1860, aforesaid, and the ordinance thereunder, and contract with the city of Richmond of the 17th of May, 1860, and subsequent amendments thereto, as the Richmond Railway Company. That, under and by virtue of the statute in such case made and provided, the said Richmond Railway Company, the defendant aforesaid, by deed dated October 14, 1890, and recorded in the proper office on the 20th of November, 1890, conveyed to the Richmond Railway & Electric Company all its works, property, and franchises, and became consolidated with the said Richmond Railway & Electric Company, subject to the

following provision in the said conveyance contained, viz. : "The foregoing conveyance is made subject to the payment by the Richmond Railway & Electric Company of all the liabilities of the parties of the first part which may not have been discharged prior to the conveyance." That the said Richmond Railway Company, also known and called by the name of the Richmond City Railway Company, defendant, being the owner and operator of a street railway, as aforesaid, running through several streets in the city of Richmond, including Main, Ninth, and Broad streets, on the 26th of June, 1880, the plaintiff, accompanied by his widowed mother and his grandmother, was a passenger on one of its cars passing westward from Main along Ninth and Broad streets, and at or near the corner of Fifth and Broad streets said car was stopped, in consequence of the ringing of the bell, in order that the plaintiff might alight, and he had proceeded to the rear end of the car, and was in the very act of alighting, when the car was suddenly started off without any warning to the plaintiff, whereby he was violently thrown to the ground, and, being an infant of tender years, to wit, of five years, he was permanently injured and rendered a cripple for life, in consequence of which he has suffered great and constant pain and anguish, and is incapacitated from attending to any business, and was and is still required to be at great expense in endeavoring to be healed and cured of his said hurts and injuries, to the said plaintiff's damage at $25,000. The actual damage to the plaintiff—which the record shows was very great, rendering him a hunchback, and causing him to have hip disease—is admitted by the demurrer and in fact, but effort is made to escape liability on the plea that the guilty party was the Richmond Railway Company, which, it is claimed by the defendant, passed out of existence on the 15th March, 1881, in consequence of the sale made under a second and third mortgage, and the election of the purchasers to take a new

name, to wit, the name of the Richmond City Railway Company. This was the view and ruling of the circuit court, which we are of the opinion is erroneous in law and in fact, and is not warranted by the pleadings and the evidence in the record.

The act of assembly of Virginia of March 20, 1860 (Acts 1859–60, c. 214, p. 406), makes this class of corporations (viz. street railways in the city of Richmond) subject only to the provisions of chapters 56 and 57 of the Code of 1849 relating to corporations. By the terms of the act they are not subject to the provisions of chapter 61 of the Code of 1849, and it is by virtue of this chapter 61 that the defendant has acquired the right to be a new corporation. Chapter 61, §§ 28, 29, provide that, upon the sale of all the works and property of a railroad corporation under lien, the purchasers may become a new corporation by any name they may select and record, not subject to any debts or liabilities of the sold corporation except such as may have been assumed at the sale. As already shown, the Richmond Railway Company was, by the act of assembly under which it was erected into a corporation, excepted from the operation of chapter 61 of the Code of 1849, and was made expressly subject to the laws relating to corporations found in chapters 56 and 57 of the Code of 1849 ; and, even though the proceedings of the purchasers at the sale made by the trustees under the second and third deeds of trust were done in conformity to the prescriptions of chapter 61, yet the sale was only of a mere equity of redemption for the price of $2,000, leaving the works and franchises of the Richmond Railway Company still bound by the paramount and prior lien of the first deed of trust to secure the debt of said company of $150,000. The sale of a railroad company's works and property, contemplated under sections 28, 29, c. 61, of the Code of 1849, was a sale of all the works and property and franchises of the corporate entity, and nothing short of this could oblit-

erate or supersede the life of the corporate company, or give discharge or exemption from its debts and liabilities. Washington, A. & G. R. Co. v. Alexandria & W. R. Co., 19 Gratt. 622, 624; Trustees v. Graham, 31 Gratt. 782. The amalgamation of the Richmond Railway Company with the Richmond City Railway Company, or its metamorphosis into the Richmond City Railway Company, if effected, was outside of chapter 61 of the Code of 1849, or any other statute enabling consolidated or new-named companies to be exempt from the liabilities or torts of the original corporation. Field, Corp. § 435; Clearwater v. Meredith, 1 Wall. 40. The purchasers at the sale under the second and third deeds of trust were (as is alleged in the declaration and admitted by the demurrer) the owners and officers of the Richmond Railway Company, and they did not for one moment cease the operations of that company; but a few months after the said sale, and their purchase of an equity of redemption of the works, property, and franchises of the Richmond Railway Company, they applied to the city of Richmond for, and obtained by an ordinance of the city council, an extention of the charter of the Richmond Railway Company until the end of the year 1900. This was a voluntary revivor of the Richmond Railway Company (even if it had, by the sale aforesaid, lost its legal being) by its owners and officers before the sale, and its purchasers and officers after the sale, recognized and approved by the city council of Richmond when it extended the charter of the Richmond Railway Company for 20 years. The act of March 17, 1884, so far from creating a new corporation, recognizes the Richmond City Railway Company as being identical with the original corporation chartered under the act of March, 1860, under the name of the Richmond Railway Company. This act of March 17, 1884, was prepared and asked for, and passed by the legislature, at the request of the defendant company; and it "recognized" "the company incorporated under the

act of March, 1860," "and the contract whereby the Rich-
mond Railway Company was created, and known as the
Richmond City Railway Company," and declared it to be a
body corporate, governed by the provisions of chapters 56
and 57 and 61 of the Code of Virginia.   This act of March
17, 1884, passed three years after the sale, identifies the
Richmond Railway Company with the Richmond City Rail-
way Company; and it establishes the fact that prior to
the act (which could have no retrospective effect) the Rich-
mond Railway Company was not subject to the provisions
of chapter 61 of the Code; and it estops the claim of the
defendant that the Richmond City Railway Company is not
one with the Richmond Railway Company.   The act of
March 17, 1884, while incorporating the Richmond City
Railway Company, and drawing to it the valuable privileges
and franchises of the Richmond Railway Company, estab-
lished the subsisting and continuing liabilities of the defend-
ant, whether known as the Richmond Railway Company or
the Richmond City Railway Company, for the debts and
misdoings of the Richmond Railway Company.

The defendants' demurrer admits the allegation of fact in
the plaintiff's declaration that the Richmond Railway Com-
pany is also known and called by the name of the Richmond
City Railway Company, and thus the liability of the existing
company for the fearful injuries to the plaintiff is admitted.
The sale of March, 1881, under the second and third deeds
of trust, did not dissolve the corporate existence of the
Richmond Railway Company; and the purchasers did not
become a corporation, *ipso facto*, but they were simply
individuals—natural persons—who had the right to operate
the road which they had bought, as is alleged in the declara-
tion and admitted by the demurrer.   The Richmond Railway
still existed, and had the moral and legal capacity to increase
its subscription, to call in more capital, and resume business.
Ang. & A. Corp. p. 849, § 773.   It did resume business by

applying for and obtaining an extension and amendment of its charter till 1900, adding the word "City" to its name; and under the charter of the Richmond Railway Company they operated and continued to operate until the time and act of consolidating with the Richmond Railway & Electric Company, with an express provision of liability by the consolidated company for all the debts and torts of the Richmond Company, as aforesaid, for which reason the Richmond Railway & Electric Company is made a codefendant to the suit.   The purchasers at the sale of the 15th of March, 1881, did not adopt any of the provisions of law for the formation of a new corporation; but did apply for and obtain an extension of the charter of the corporation, an equity of redemption in whose property they had bought.   As a new corporation, they had no right to apply for and obtain an extension of the charter of the corporation whose chartered life had been extinguished, if it had been dissolved by the sale; no one but the old corporation could do that; and the business of the Richmond Railway Company was resumed and operated under the extended charter of that company, with a mere addition to its name, which did not imply or create a new corporation, without any of the methods prescribed by law for the formation of a new corporation. Bank v. Sachtleben (Tex. Sup.) 3 S. W. 733.   The purchasers at the sale consolidated their purchases with the franchises of the old corporation, which was not dissolved; and, by so doing, the old corporation, which was not dead, was continued under its extended charter, with all its rights and responsibilities (Ang. & A. Corp. [11th Ed.] §§ 773, 780, pp. 849–867; Longley v. Stage Co., 23 Me. 39), and the purchasers became corporators in the old corporation, with an addition to its name, but without dissolution or change of identity (Lea v. Canal Co., 3 Abb. Pr. [N. S.] 1).

The demurrer is to the whole declaration, and it is alleged in argument, as the ground of demurrer, that there is a mis-

joinder of counts and a misjoinder of causes of action. The declaration is a declaration in case, and there is but one count, which is the last alleged, and there is but one cause of action alleged in fact and in form. Henderson v. Stringer, 6 Gratt. 130. The matter and form of the declaration are sufficient and good to maintain the action ; and the demurrer to the declaration should have been overruled, and the case given to the jury to hear and pronounce upon the evidence. Code 1887, § 3272 ; Henderson v. Stringer, 6 Gratt. 130 ; Kennaird v. Jones, 9 Gratt. 184. The Richmond Railway & Electric Company is a necessary and proper party defendant to this action. The two corporations had, at the time of the institution of this suit, been combined and consolidated, "subject to the payment, by the Richmond Railway & Electric Company, of all the liabilities of the Richmond City Railway Company which may not have been discharged prior" to the execution of the deed of consolidation, dated October 14, 1890, as is alleged in the declaration and admitted by the demurrer. 4 Am. & Eng. Enc. Law, 272 ; New Bedford R. Co. v. Old Colony R. Co., 120 Mass. 397 ; Railroad Co. v. Moffitt, 75 Ill. 524 ; Warren v. Railroad Co., 49 Ala. 582. Where several companies have been consolidated, the consolidated company may be sued directly upon a cause of action existing against one of the consolidated companies ; but the declaration should show against which company it arose, and over such matters of fact as will subject the new company to the suit. Railroad Co. v. Harbin, 40 Ga. 706 ; 4 Am. & Eng. Enc. Law, 272 ; Prouty v. Railroad Co., 85 N. Y. 272 ; Railway Co. v. Powell, 40 Ind. 37 ; Jones, Ry. Secur. § 415. p. 393 ; Railway Co. v. Skidmore, 69 Ill. 566 ; Railroad Co. v. Smith, 75 Ill. 496 ; Railroad Co. v. Jones, 29 Ind. 465 ; Agricultural College v. Baxter's Estate, 42 Vt. 99 ; Boardman v. Railway Co., 84 N. Y. 157 ; Railroad Co. v. Langton, 32 Mich. 251. In the case at bar the declaration joins the consolidated com-

pany after reciting all the facts showing which company the cause of action arose against originally, and the facts which will subject the new or consolidated company to the suit, viz. that the consolidation was entered into "subject to the payment" by the consolidated company of all the liabilities of the Richmond City Railway Company ; and it is just and proper that the consolidated company should be brought in as a codefendant to incur the consequences of the litigation. The old company, by the consolidation, has assumed a new name ; and the new company is estopped to deny the name by which it is sued.   Railway Co. v. Skidmore, 69 Ill. 566 ; Railroad Co. v. Moffitt, 75 Ill. 524 ; Jones, Ry. Secur. §§ 418, 419 ; Railway Co. v. Powell, 40 Ind. 37.   For the foregoing reasons and authorities, we are of opinion that the judgment of the circuit court of the city of Richmond complained of is wholly erroneous, and the same is reversed and annulled, and the case remanded to the said court for further proceedings in conformity to this opinion.   Reversed.