# Richmond.

LANGHORNE, BY &C. V. RICHMOND RAILWAY COMPANY AND
ANOTHER.

APRIL 18, 1895.

1. PRACTICE AT COMMON LAW—*Oyer—Deed Referred to by Way of Induce-*
*ment.*—The right to crave oyer of papers mentioned in a pleading applies,
as a general rule, only to deeds and letters of probate and administra-
tion, and not to other writings, and only applies to a deed when a party
pleading relies upon the direct and intrinsic operation of the deed.
Hence, a defendant is not entitled to have oyer of deed referred to in
the plaintiff's declaration merely by way of inducement or introduction
to other matters necessary to be alleged.

2. PRACTICE AT COMMON LAW—*Consolidation of Corporations—Liabilities of*
*Old Company.*—The corporation which is created by the consolida-
tion of other corporations, or the surviving corporation where another
or others are merged into it, is ordinarily deemed the same as each of
the corporations which formed it for the purpose of answering for the
liabilities of the old corporation, and may be sued under its new name,
or under the name of the surviving company, for their debts, as if no
change had been made in the name, or in the organization of the origi-
nal corporations.

3. PLEADING AT COMMON LAW—*Misjoinder—Consolidation of Corporations.*—
Where a corporation liable for personal injuries inflicted by its agents, be-
comes merged into, or consolidated with another corporation, which by
authority of law or act of the parties is responsible for such liability,
an action at law may be maintained for such injuries against either of
said corporations, but not a joint action against both. They are not
jointly liable. One is liable for committing the alleged tort, the other
is liable by reason of the consolidation. In a joint action it must
appear from the declaration that the contract or tort upon which the
action is brought is a joint contract, or a joint tort; otherwise, the
declaration will be bad on demurrer for misjoinder of causes of action
and of parties.

Error to judgment of the Circuit Court of the city of Richmond, rendered June 22, 1891, in an action of trespass on the case, wherein the plaintiff in error (Charles M. Langhorne, an infant fifteen years of age, who sues by Jennie R. Langhorne, his next friend), was the plaintiff, and the defendants in error were the defendants.

*Affirmed.*

*Wm. P. DeSaussure* and *James Lyons*, for the plaintiff in error.

*G. Carter Jackson, Christian & Christian* and *Wyndham R. Meredith*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This case was decided by this court, at its March term, 1894. and the judgment of the trial court reversed. A rehearing was granted, and in this way the case is again before this court.

The plaintiff in error brought an action of trespass on the case in the Circuit Court of the city of Richmond against the Richmond Railway Company, known also as the Richmond City Railway Company, and the Richmond Railway and Electric Company, for an injury done him by the first named company.

One of the defendants, the record does not show which, appeared, craved oyer of the writings in the declaration menioned, and demurred to the whole declaration.

The declaration contains but one count, and that is for an injury alleged to have been done the plaintiff by the Richmond Railway Company. The declaration alleges substantially, after giving a history of the organization of the first named company, and of three deeds of trust that it had given

upon its property, works, and franchises to secure its credi-
tors, that there had been a sale under the second and third
deeds of trust, subject to the lien of the first, and that certain
parties, who were the owners and officers of the corporation,
became the purchasers at such sale of its works and property,
and "continued to carry on the business of said corporation,
subject to the said first lien or deed of trust, adopting the
name of the Richmond City Railway Company, by which
last name said corporation has since been known and called;
that on or about the 2nd day of January, 1882, Parker Camp-
bell, president of the said Richmond Railway Company, and
styling himself president of the Richmond City Railway
Company, filed a petition with the common council of the
city of Richmond, praying for the extension of the charter
of the said Richmond Railway Company; that said petition
was granted, and on the 17th of May, 1882, said common
council of the city of Richmond passed an ordinance extend-
ing the charter of the Richmond Railway Company, and con-
tinuing to it its powers and privileges until the 31st of Decem-
ber, 1900; that by an act of the General Assembly of Vir-
ginia, passed 17th day of March, 1884, the said Richmond
City Railway Company was "recognized" as the same cor-
poration chartered by and under the act of assembly of 20th
of March, 1860, and the ordinance thereunder, and contract
with the city of Richmond of the 17th May, 1860, and sub-
sequent amendments thereto, under the name of the Richmond
Railway Company; that under and by virtue of statutes of
Virginia for such case made and provided, the said defendant,
the Richmond City Railway Company, by deed dated the
14th October, 1890, and recorded in the clerk's office of the
Chancery Court the 20th November, 1890, conveyed to the
Richmond Railway and Electric Company, all its works,
property, and franchises, and by such sale, and the statutes
aforesaid, became consolidated with the said Richmond Rail-

way and Electric Company, subject to the following pro-
vision in the said conveyance contained, to-wit: "The fore-
going conveyance is made subject to the payment by the
Richmond Railway and Electric Company of all the liabilities
of the party of the first part, which may not have been dis-
charged prior to this conveyance."

Preliminary to, and as a part of his demurrer, the defendant
craved oyer of all the writings mentioned in the declaration.
These writings consisted of deeds of trust, petitions to and
ordinances of the common council of the city of Richmond, a
deed from the trustees in two of the deeds of trust to the pur-
chasers at a sale made under them, and a deed from the Rich-
mond City Railway Company to the Richmond Railway and
Electric Company.    None of these writings ought to have
been, or could properly be, considered upon the demurrer.
The plaintiff did not claim under them.    They were mentioned
in the declaration by way of inducement or introduction to
other matters that it was necessary to allege, and not for the
purpose of showing right or title in the plaintiff.

The right to crave oyer of papers mentioned in a pleading
applies, as a general rule, only to deeds and letters of probate
and administration, not to other writings, and only applies
to a deed when the party pleading relies upon the direct and
intrinsic operation of the deed.    4 Minor's Inst. 1280-1 (Last
Ed.); Stephens Pl. 436; 5 Rob. Pr. 132.

In *Byars* v. *Thompson*, 12 Leigh 550, 561-2 (side page),
which was an action of debt brought on an arbitration bond,
the defendants craved oyer of the bond and the award, and
demurred.    But the court, president Tucker delivering the
opinion, said: "Preliminary to and as part of his demurrer,
the defendant prayed oyer of the submission, to which he had
a right, and which accordingly was read to him.    He also
prayed oyer of the award, to which he had no right; and that
being also read to him, he objects, as fatal, the variance be-

tween the true date of the submission, and the date recited in the award.    In the opinion of this court, however, the plaintiff having in his declaration averred that the award was made in pursuance of the submission, that matter was matter of fact for the jury who might find upon evidence that the date on the face of the award was mistaken.''

Whether the Richmond Railway Company and the Richmond City Railway Company was the same corporation or not, or whether there had been a consolidation of the Richmond City Railway Company with the Richmond Railway and Electric Company, as alleged in the declaration, would depend upon the evidence introduced upon these questions, and could not properly be the subject of a demurrer to the declaration; and in passing on the demurrer the writings of which oyer was craved will not be considered.

The grounds of demurrer relied on are that there is a misjoinder of causes of action, of the form of action, and of parties.

The declaration states a good cause of action against the Richmond Railway Company for the injury complained of. It alleges that the Richmond City Railway Company is one and the same corporation as the Richmond Railway Company. It also alleges the authority of the Richmond City Railway Company to consolidate with the Richmond Railway and Electric Company, and that a consolidation has been made by which the last named company acquired all the works, property, and franchises of the Richmond City Railway Company, and assumed all its liabilities.    Such a consolidation as is alleged in the declaration not only renders the property and works of the old company, which passes to the company with which it is consolidated, subject to the liabilities of the old company, but also makes the new, or surviving company, responsible for them.    Where two railroad companies unite, or become consolidated under the authority of law, the pre-

sumption is, until the contrary appears, that the united or consolidated company has all the powers and privileges, and is subject to all the restrictions and liabilities, of those out of which it is created. *Tomlinson* v. *Branch*, 15 Wall. 460, and *Tennessee* v. *Whitworth*, 117 U. S. 139, 147. The corporation which is created by such consolidation, or the surviving corporation, where another or others are merged into it or consolidated with it, is ordinarily deemed the same as each of the corporations which formed it for the purpose of answering for the liabilities of the old corporation, and may be sued under its new name, or under the name of the surviving company, for their debts as if no change had been made in the name, or in the organization, of the original corporations. Jones on Railroad Securities, sec. 415; 1 Thompson's Com. on Corp. secs. 372, 373, 395; 1 Beach on Private Corp. secs. 343, 344; 1 Morawetz on Corp. sec. 955; Taylor on Corp. sec. 666; 4 Amer. & Eng. En. Law, 272 *n.*

There has been some question whether the consolidated company could be sued in an action at law for the liabilities of the companies composing it, or whether the proceeding must be in equity. But the better view seems to be that when a consolidation has been authorized and made, it confers all the rights, property, and franchises of the old company upon the new or consolidated company, and subjects it to all the liabilities of the old companies; and an action at law may be brought against the new or consolidated company for the debts or torts of the old companies. The question is not whether the consolidation compels a creditor to accept the defendant corporation as a new debtor against his will, or a person who has been injured to resort to a stranger for satisfaction, but whether it empowers the creditor or the person injured to resort, if he desires to do so, in the first instance, to the corporation which by the terms of the consolidation is made liable to him. The privity, some cases say, necessary

to support this action, is created by the statute authorizing the consolidation and the purchase and conveyance under it. Other authorities place the right to bring such action on the ground that the effect of the consolidation is, as to the liabilities of the old company, not to dissolve the corporation which is the immediate debtor, but to continue its existence in the consolidated corporation. 1 Thompson's Com. on Corp. secs. 372, and 395; 1 Beach on Corp. sec. 344; 2 Morawetz on Corp. sec. 955; Jones on Railroad securities, secs. 418, 419; Taylor on Corp. sec. 666; *New Bedford R. R. Co.* v. *Old Colony R. R. Co.*, 120 Mass. 397; *C. C. & G. C. R. R. Co.* v. *Skidmore*, 69 Ill. 566; *Arbuckle* v. *Ill. M. R. R. Co.*, 81, do. 429; *Montgomery & Unt. Pt. R. R. Co.* v. *Boring*, 51 Ga. 582; *Thompson* v. *Abbott*, 61 Md. 176; *Houston & T. C. R. R. Co.* v. *Shirley*, 54 Texas 125; *Indianola R. R. Co.* v. *Fryer*, 56 Texas 609; *Warren* v. *Mobile & Mont. R. R. Co.*, 49 Ala. 582; Field on Corp. sec. 395; *State to use of Dodson* v. *Balt. & O. R. R. Co.*, (Maryland), 26 Atlantic Rep. 865; *Berry* v. *Kansas City R. R. Co.*, 52 Kan. 774.

Since, by authority of law and the act of the parties, the consolidated corporations are moulded into one with none of their rights impaired, and none of their responsibilities lessened, there is no good reason why the same proceedings may not be had against the new corporation as might have been had against the old to compel payment of liabilities. It avoids circuity of action. It allows the party with whom the contract was made, or to whom the injury was done to proceed directly against the corporation which, by virtue of the consolidation proceedings, is made liable for it.

In this case, as the plaintiff had instituted his action to recover damages from the consolidated corporation for the injury alleged to have been done him by the corporation consolidated with it, it was necessary for him to allege generally the authority of the old companies to consolidate, and the fact

that they had consolidated, and under what name, in order to show the liability of the new or consolidated corporation for the injury sued for. 1 Thompson's Com. on Corp. sec. 406.

The declaration states a good cause of action, not only against the Richmond Railway Company, known also as the Richmond City Railway Company, but also against the Richmond Railway and Electric Company. To this there can be no objection, as it was necessary to state a good cause of action against both the Richmond City Railway Company and the Richmond Railway and Electric Company; otherwise there could be no recovery against the last named company, since its liability depends upon the liability of the Richmond City Railway Company. But the defect in the declaration is in joining them as defendants. They are not jointly liable. One is liable for committing the alleged injury; the other is liable by reason of the consolidation proceedings. The plaintiff has the right to sue either, for the injury alleged to have been done, but has no right to sue both in the same action at law. If an action at law be brought against two or more persons, it must appear from the declaration that the contract or tort upon which it is brought is a joint contract, or a joint tort. 2 Tucker, 208, 214, 226. It was held in *Sanders* **v.** *Clason*, 3 Minn. 379, that "A cause of action against a defendant for the value of goods sold and delivered, and a cause of action against a third person on the promise to such defendant to pay said debt to the plaintiff, are improperly joined, and the complaint is bad on demurrer."

In this case it was necessary to state a good cause of action against the Richmond City Railway Company in order to state a good case against the Richmond Railway and Electric Company. If the plaintiff had only instituted his action against the last named company, there would have been no misjoinder of causes of action; but as he made both corpora-

tions parties to the action, and the declaration states a good cause of action against each, there is a misjoinder of causes of action and of parties.

On these grounds it was proper for the trial court to sustain the demurrer to the declaration, and its judgment must be affirmed.

AFFIRMED.