## ROLFE v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

1. CARRIERS—GOODS—INJURY—CONNECTING CARRIERS.

Where goods are transported by successive carriers, and an action is brought against the terminal carrier for damage to the goods, it is not enough to show that the goods were delivered to the initial carrier in good condition, but it is incumbent upon the plaintiff to show that they were in good order when received by the defendant.

2. SAME—SUFFICIENCY OF EVIDENCE.

In an action against a terminal carrier for injuries to an automobile in transit, evidence examined, and *held*, insufficient to show that the automobile was delivered to the defendant in good order.

Error to Lenawee; Chester, J. Submitted January 11, 1906. (Docket No. 46.) Decided May 24, 1906.

Case by Charles A. Rolfe against the Lake Shore & Michigan Southern Railway Company for damages to per-

sonal property. There was judgment for plaintiff, and defendant brings error. Reversed.

*Weaver, Morgan & Priddy*, for appellant.

*Bird & Sampson*, for appellee.

Montgomery, J. The plaintiff's consignor delivered to the Chicago, Burlington & Quincy Railway, at Denver, for shipment to plaintiff at Adrian, Mich., an automobile of the value of $1,600, in good condition. The car was shipped by the Chicago, Burlington & Quincy Railway in B. & A. car No. 11,601. It was accepted by defendant in the same car in Chicago, and was forwarded in that car to Adrian. On opening the car at Adrian it was found that the automobile had never been braced in the car, and that its motion back and forth on the floor of the car had been guarded against in no other way than by nailing across the car in front of the front wheels and back of the rear wheels a 2 by 4 strip; that the automobile had been jolted over these strips, so that any jolting of the car would cause the vehicle to run back and forth on the car floor; that this had resulted in serious damage. The plaintiff recovered for the entire damage, and defendant brings error.

The questions discussed were saved by appropriate exceptions, and proper assignments of error were duly filed. The important question is whether a case was made meeting the requirements laid down in the two cases of *Marquette, etc., R. Co.* v. *Langton*, 32 Mich. 251, and *Marquette, etc., R. Co.* v. *Kirkwood*, 45 Mich. 51. These two cases establish the rule for this State that where goods are transported by successive carriers, and an action is brought against the terminal carrier for damage to the goods, it is not enough to show that the goods were delivered to the initial carrier in good condition, but it is incumbent upon the plaintiff to show that they were in good order when received by the defendant. We feel

bound to adhere to this rule, which has prevailed in this State for more than 30 years.

The plaintiff's counsel does not ask us to depart from the rule of these cases, but insists that he has brought his case within it. The plaintiff's brief assumes that the machine was reloaded by defendant at Chicago. Of this we discover no evidence whatever. On the contrary, the inference is entirely the other way, as the machine came through from Denver to Adrian in the same car. Can it be assumed that the damages to this car were caused by defendant, rather than the initial road? Certainly there is no proof of the fact. There is no testimony tending to show that this car was subjected to any unusual jolting by defendant while under its control. If the inference be that the automobile was jolted from its insecure position by the ordinary action of a freight train, it should be noted that the car was transported by the initial road a much greater distance than the defendant hauled it, and was subject to the same vicissitudes. The inference is therefore as strong, if not stronger, that the damage was caused by the initial carrier as that it was caused by defendant. It must be held that the proofs failed to fix the responsibility upon defendant.

Judgment reversed, and a new trial ordered.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.