# Wytheville.

## Smith v. Wolsiefer.

### June 8, 1916.

### Absent, Cardwell, J.

1. Pleading—*Declaration—Amendment by Oyer—Waiver.*—Generally the right to crave oyer of a deed only applies when the party pleading relies upon the direct and intrinsic operation of the deed, but when all the parties to an action at law are *sui juris,* and consent that a deed to which the plaintiff is not a party shall be considered a part of the declaration and it is so ordered by the court, the action of the court will be considered as a waiver by the plaintiff of any objection on his part, and the declaration as so amended by the consent of all parties.

2. Pleading—*Declaration—Conflicting Averments—Writing to Prevail.*— Where a lease under seal, made a part of the declaration upon oyer, contradicts averments of the declaration as to the obligation of a landlord to make certain designated repairs, the lease must prevail as to the terms of the contract finally agreed upon between the lessor and the lessee, and all that precedes it must be taken merely as a part of the negotiations culminating in the lease.

3. Pleading—*Declaration—Failure to State a Case—Demurrer.*—If all the averments of a declaration may be true without imposing a legal liability upon the defendant, a demurrer thereto should be sustained.

4. Landlord and Tenant—*Unsafe Premises—Liability of Landlord— Invitees of Tenant—Strangers.*—A plaintiff who is a part of the family of a lessee, or is on the leased premises at the invitation of the lessee, stands in the shoes of the lessee with respect to his right to recover of the lessor for an injury resulting from the lessor's failure to make stipulated repairs. In the instant case, the facts alleged would not have warranted a recovery by the lessee. A different rule, however, prevails where the plaintiff is a stranger. Even the owner's entire surrender of control to a lessee will not relieve him from liability to third persons for the premises being, at the time of such surrender, in a condition dangerous to the public, or with a nuisance upon them, or in such condition that they must necessarily become a nuisance by user; for by the act of letting, he, in law, authorizes the continuance of the nuisance, and is, therefore, liable to strangers for injuries suffered

therefrom.    The fact that the lessee covenants to repair furnishes him
no protection.                                                    ·

5.  PLEADING—*Action Against Landlord for Personal Injury—Declaration—
Failure to State a Case—Demurrer.*—In an action against a lessor to
recover damages for an injury inflicted upon the plaintiff in consequence
of the defective or unsafe condition of the leased premises, if the facts
stated are such that only a stranger or third person would be entitled
to recover, and the declaration fails directly or by proper implication
to allege that the plaintiff occupied that position, it is bad on demurrer.

Error to. a judgment of the Law and Equity Court
of the city of Richmond in an action of trespass on the
case.    Judgment for the defendant.    Plaintiff assigns
error.                            ○

*Affirmed.*

The opinion states the case.

*C. R. Sands* and *Ordway Puller*, for the plaintiff in
error.

*Lamb & Lamb*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

The declaration in this case was filed by James H.
Smith against Adam Wolsiefer, and states the following
case: That the defendant, on the 18th of May, 1914,
leased to C. C. Smith and M. C. Smith a certain dwell-
ing house in the city of Richmond, at a rental of $12
a month, which was paid in advance; that prior to the
signing of the lease and before taking possession of the
premises, and as a condition precedent to renting the
same, it was agreed by the defendant that certain neces-
sary repairs to the house, and among them the fixing
and repair of the back steps, would be made by the
defendant immediately upon the signing of the lease,
and it was upon this understanding and agreement that

the lease was signed and the rent paid.   The plaintiff then avers that prior to the renting of the house by the defendant to C. C. and M. C. Smith the back steps of the house were in a very dilapidated and dangerous condition, and at the time of said rental the said defendant knew, permitted and suffered the back steps of said house to become and be out of repair and in an unsafe, dilapidated and dangerous condition, and in that condition to remain, so that the steps were liable to become broken, owing to decay of the planks and the cracks in the top plank and in one of the props underneath said plank, and owing to insufficient props thereunder, and to fall down to the ground at any moment and injure persons who might happen to walk or step upon them, of all of which the said plaintiff and C. C. Smith and M. C. Smith were ignorant, but of which the defendant had knowledge.   And the plaintiff further alleges that on the 25th of May, 1914, while he was lawfully upon the premises, he stepped upon the said back steps to said dwelling house, and without any fault on his part the back steps broke and fell to the ground, and he, without any warning thereof, was precipitated and thrown and cast to the ground and his right hip broken and dislocated and his body, legs, arms and head bruised and injured; that in consequence of said injuries he has suffered and is now suffering great pain in his hip, body, legs and head, and has incurred large doctor's bills and other expenses amounting in the aggregate to $400.   The second count, in addition to the averments contained in the first count, charges the unsafe and dangerous condition of the steps and that the defendant failed to disclose the defects to the plaintiff or to C. C. Smith and M. C. Smith, but concealed and suppressed all knowledge of the condition of the premises and especially the de-

fects in the steps aforesaid from the plaintiff and C. C. Smith, and M. C. Smith, and failed to give them notice of said defects at and before the lease was signed, and from thence to the time of the injury the defendant suffered and permitted the said steps to be and remain in an unsafe, dilapidated and dangerous condition.

To this declaration there was a demurrer, and thereupon the defendant, Wolsiefer, craved oyer of the lease; whereupon, the trial court, as appears from its order, took "the paper writing under seal of which oyer is craved as a part of the record, and directs it to be so filed, and considered as part of the declaration upon consideration of the demurrer." And thereupon the court sustained the demurrer to the declaration and each count thereof, and entered judgment for the defendant; and the case is before us upon a writ of error.

The proceeding in this case by which the defendant craved oyer of the lease is unusual. "As a general rule, the right to crave oyer of papers mentioned in a pleading, applies only to specialties and letters of probate and administration, not to other writings, and only applies to a deed when the party pleading relies upon the direct and intrinsic operation of the deed. *Langhorne* v. *Richmond R. Co.*, 91 Va. 369 [22 S. E. 159]." *Grubbs* v. *National Life, &c. Co.*, 94 Va. 589, 27 S. E. 464.

But this case has peculiar features. All the parties are *sui juris* and appear to have consented for the trial court to consider the deed of lease of the 18th of May, 1914, as a part of the declaration. The court by its order directs that the lease shall be deemed a part of the declaration, and upon the declaration with the lease introduced into it the court passed upon the demurrer

and entered its judgment; so that we are of opinion that what was done in the trial court is to be deemed a waiver by the plaintiff in error of any objection on his part, and is to be treated as an amendment made to the declaration by consent of all parties. We shall, therefore, proceed to consider the demurrer upon the record as presented by the order of the *nisi prius* court.

Support is given to adopting this course by the opinion of this court in *King* v. *N. & W. Ry. Co.*, 99 Va. 625, 39 S. E. 701, where the court, dealing with a demurrer to the declaration, said: "This court has held that the bill of particulars required by section 3248 of the Code is no part of the declaration, and a demurrer will not lie for defects in such bill. *Campbell Co.* v. *Angus Co.*, 91 Va. 438, [22 S. E. 167]. Under this ruling it would be necessary to reverse the judgment of the trial court sustaining the demurrer, but for the agreement in writing between counsel, filed with the record, that we may consider on demurrer the case made by the declaration as supplemented by the bill of particulars."

Coming then to a consideration of the demurrer to the declaration, it seems that it is nowhere averred what relation the plaintiff in error bore to the situation. Was he a mere stranger, a licensee or an invitee? The incorporation of the lease into the declaration very largely affects its character and the rights of the parties to the case made by it. The declaration charges that prior to the signing of the lease and before taking possession of the premises, it was agreed by the defendants that certain necessary repairs to the house, and among them the fixing and repairing of the back steps, would be made by the defendant immediately upon signing of the lease. The introduction of the lease, however,

which is under seal, bears directly upon the averment. If it were conceded that upon the declaration as originally framed there was an averment of a binding obligation to make the repairs indicated, the declaration, taken as a whole with the lease constituting a part of it, negatives that idea. All that precedes it is to be taken merely as a part of the negotiations leading up to the execution of the lease, and to the lease we must look for the terms of the contract which was finally agreed upon between the lessor and the lessee, and the lease is silent as to any obligation to make repairs. We must take the declaration as it is, and if all its averments may be true without imposing a legal liability upon the defendant, the demurrer must be sustained.

In *Young's Case*, 15 Gratt. (56 Va.) 664, it was said that if an indictment may be true and still the accused may not be guilty of the offense described in the statute, the indictment is insufficient; cited with approval by this court in *Boyenton's Case*, 114 Va. 849, 76 S. E. 945; *Shiflett's Case*, 114 Va. 878, 77 S. E. 606.

The bearing of this principle upon the case before us will at once be made manifest when we consider that the obligation imposed by law upon the lessor is different with respect to those who come upon the leased premises as strangers and those who are there upon the license or invitation of the lessee.

In Shearman & Redfield on Negligence (6th ed.), sec. 709, it is said: "On the owner's entire surrender of control over premises to a lessee, he is, in the absence of any warranty of their condition of fraudulent concealment of known defects or agreement to repair, on his part, free from liability to the lessee and to those whom the latter invites upon the premises, for defects

which could have been discovered by the lessee, on reasonable inspection, at the time of hiring.   In other words, if the lessee has the same opportunities as the owner to discover a defect, at the time of leasing, the rule of *caveat emptor* applies, and he takes the premises as he finds them.   There is, therefore, no implied warranty on the part of a lessor that the demised premises are safe or reasonably fit for occupation.   Where, however, there is some latent defect, *e. g.*, an original structural weakness, or decay, or the presence of an infectious disease, or other injurious thing rendering the occupation of the premises dangerous, which were known to the lessor, and were not known to the lessee, nor discoverable by him on a reasonable inspection, then it was the duty of the lessor to disclose the defect; and if an injury results therefrom, he is liable as for negligence."

Now it is true that in the second count of the declaration it is stated that the defendant, with knowledge that the steps were in an unsafe, dilapidated and dangerous condition, did not disclose the same to the plaintiff or to C. C. Smith and M. C. Smith, but on the contrary suppressed all knowledge of the condition of the premises, and yet in another part of the same count it is expressly averred that at the time of entering into the lease the defendant promised and agree that he would immediately put said premises in proper repair and specifically covenanted, upon the signing of the lease, to repair the back steps, along with other repairs specified by C. C. Smith and M. C. Smith, which is a broad contradiction of the averment that the condition of the steps was unknown to the plaintiff and had been fraudulently concealed from him by the defendant.   If plaintiff in error was a part of the family of the lessee, or there by invitation of the

lessee, he stands in the shoes of the lessee with respect to his right to recover from the lessor.

A number of cases have been cited in the petition for a writ of error which present various aspects of the law upon the subject under consideration, but we think the whole question is sufficiently covered by the quotation from Shearman & Redfield, which is supported by a great number of authorities cited in the notes.

If the plaintiff in error had been a stranger, as contra-distinguished from an invitee or member of the lessee's family, his rights would have been different.

In section 709-a of Shearman & Redfield on Negligence, it is said: "Even the owner's entire surrender of control to a lessee will not relieve him from liability to third persons for the premises being, at the time of such surrender, in a condition dangerous to the public, or with a nuisance upon them, or in such condition that they must necessarily become a nuisance by user; for by the act of letting, he, in law, authorizes the continuance of the nuisance, and is, therefore, liable to strangers for injuries suffered therefrom. And the fact that his lessee covenants to repair furnishes him no protection; for the mere relation of lessor and lessee has no quality which enables the lessor to evade responsibility for his own acts by referring persons injured thereby to a third party for relief."

It is with especial reference to this aspect of this case that we cited *Young's Case, supra,* and the principle there established. If the plaintiff in error relied upon his right to recover in the capacity of being a third person or stranger, then that fact should have been averred, and no such averment having been made, directly or by necessary or even proper implication, its absence is fatal to that view of the case.

We are of opinion that there was no covenant to repair; that there was no sufficient averment of fraud or concealment; that the declaration fails to aver in what capacity the plaintiff in error was upon the premises at the time of the injury; that as invitee or member of the lessee's family he could not recover; and that he cannot be considered as a stranger or a third person and the rule applicable to strangers and third persons applied to the case, because it is not averred that he occupied any such relation to the situation.

Upon the whole case we are of opinion that the demurrer was properly sustained, and there is no error in the judgment complained of, which is affirmed.

*Affirmed.*