# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Sjolinder et al.

v.

American Enterprise
Solutions, Inc., et al.

March 28, 2000

Case No. (Law) 99-186

BY JUDGE EDWARD L. HOGSHIRE

In this civil action for numerous claims including breach of contract and fiduciary duty, Defendants American Enterprise Solutions, Inc. ("AESI"), Scandia Centrum of Rehab·Medicine, Inc. ("Scandia Centrum"), and Scandia Spine Rehab, Inc. ("Scandia Spine") (collectively the "Corporate Defendants"), have filed a motion Craving Oyer and for Enlargement of Time, asking that certain documents be incorporated into the pleadings. Having heard argument and after review of the briefs submitted by the parties, the Court hereby denies the Corporate Defendants' motions for the reasons articulated briefly below.

The Corporate Defendants crave oyer of a Stock Exchange Agreement which was executed on February 22, 1999, and of "any notes, loan documents, or any other documentation reflecting or memorializing the Shareholder Loans and Post Closing Loans sued upon in Count II of the Motion for Judgment," on the grounds that they are necessary documents for determining both the rights and the obligations of the parties. The Corporate Defendants assert that these documents are necessary to determine the nature of the loans which were entered into by the Plaintiffs and to determine the scope of the relationship that existed between the Plaintiffs and the Corporate Defendants.

Craving oyer requires a plaintiff to make part of their pleadings any documents which form the basis of the plaintiff's cause of action. See generally, Burks, *Common Law and Statutory Pleading and Practice*, § 322 (Michie, 1952). The Corporate Defendants have correctly stated that a defendant can crave oyer of all documents that form the basis of the plaintiff's claim, *Spiller v. James River Corp.*, 32 Va. Cir. 300 (1993), and that "a litigant has no right to put blinders on the Court and attempt to restrict its vision to only such parts of the record as the litigant thinks tend to support his view." *Culpeper National Bank v. Morris*, 168 Va. 379, 382-83 (1937). That being said, the Court does not find sufficient evidence to indicate that the Stock Exchange Agreement forms a basis of any of the counts of the Plaintiff's claims. While it is entirely possible that the Plaintiffs could have made additional claims based on the Stock Exchange Agreement, they chose not to do so. The mere fact that it is referenced in their pleadings does not justify incorporating it in its entirety into their pleadings. Consequently, the Court holds that oyer is not appropriate as to the Stock Exchange Agreement.

In regards to the "notes, loan documents, or any other documentation reflecting or memorializing the Shareholder Loans and Post Closing Loans sued upon in Count II of the Motion for Judgment," such documents should be obtained through traditional avenues of discovery. Oyer is not a tool to be used for random discovery. A motion craving oyer is used to force a party to place documents mentioned in the pleadings, but not attached thereto, within the court record. *Smith v. Wolsiefer*, 119 Va. 247, 250 (1916). Plaintiffs state that the basis for recovery under Count II of the Motion for Judgment is the common law of *indebitatus assumpsit* and implied contract. They make no mention in the pleadings of any Loan Agreement or other documents memorializing the loans. As such, this Court cannot grant a motion craving oyer of documents that may not exist and were not referenced in the pleadings as a basis of the claim.

Given the aforementioned facts, the Court hereby denies the Corporate Defendants Motion Craving Oyer. As the Motion for Enlargement of Time was wholly dependent on the Motion Craving Oyer, it too is denied.