## CIRCUIT COURT OF THE CITY OF NORFOLK

Colinsky Consulting, Inc.

v.

Richard A. Holloway, Jr.,
and Rikjoy Automotive, Inc.

v.

Louis Colinsky

March 1, 2002

Case No. (Law) L01-1778

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter is before the Court on a "Motion to Crave Oyer"[1] filed by Holloway and Rikjoy. In this Motion, filed under the case of Colinsky Consulting, Inc. (Colinsky Consulting) v. Richard A. Holloway, Jr. (Holloway) and Rikjoy Automotive, Inc. (Rikjoy) on November 1, 2001, Holloway and Rikjoy requested that the Court "consider the bankruptcy petition [of Colinsky] along with the other pleadings filed in the case." After reviewing the relevant pleadings and documents and considering the arguments of counsel, the Court holds that the Motion Craving Oyer is overruled.

Also before the Court is a Demurrer filed by Third-Party Defendant Louis Colinsky (Colinsky) on September 19, 2001. Colinsky's Demurrer stems from a Third-Party Motion for Judgment filed against him by

---

[1] Throughout this Opinion, this Motion will be referred to by its proper name, Motion Craving Oyer.

Defendants and Third-Party Plaintiffs Holloway and Rikjoy on September 4, 2001. A hearing was held before this Court on November 2, 2001. After considering the relevant facts and inferences, the Court holds that the Demurrer is overruled.

This action arose from a Consulting Agreement regarding Virginia Auto Parts, Inc., t/a Lou's Auto Parts (Lou's), a salvage yard formerly owned by Colinsky. The Consulting Agreement was made by and between Colinsky Consulting, Rikjoy, and Holloway as guarantor. Mot. for J. at 1. Rikjoy and Holloway allegedly defaulted on the Consulting Agreement by failing to make payments. *Id.* at 2. After Colinsky notified Rikjoy and Holloway of their alleged default and it was not cured, late charges accrued and acceleration occurred. *Id.* As a result of the alleged default and acceleration of payments, Colinsky Consulting demands judgment against Rikjoy and Holloway in the amount of $172,822.95, plus attorney's fees, pre-judgment interest, post-judgment interest, and costs. *Id.* at 2-3. In their Answer and Grounds of Defense, filed on September 4, 2001, Rikjoy and Holloway denied that any default occurred, and they asserted affirmative defenses. Neither pleading made mention and/or reference to the bankruptcy petition of Colinsky.

Rikjoy and Holloway filed a Third-Party Motion for Judgment against Colinsky in which they allege that Colinsky Consulting was not a valid corporation at the time the contract was entered into, and, thus, Colinsky, who signed the Consulting Agreement as President, is personally liable. Third-Party Mot. for J. at 1. Although there are no expressly titled claims in their pleading, Rikjoy and Holloway appear to allege that because Colinsky Consulting was not a valid corporate entity, Colinsky, as the owner, is liable for breach of contract under the theory of piercing the corporate veil. *Id.* They also appear to allege that Colinsky's conduct regarding the sale of Lou's constituted fraud that resulted in a breach of the Consulting Agreement which required that Colinsky provide Rikjoy with advice regarding the business and its customers. *Id.* at 2-5. Rikjoy and Holloway seek judgment against Colinsky in the amount of $500,000, plus pre-judgment interest, post-judgment interest, and costs. *Id.* at 6.

*Motion Craving Oyer*

As an element of its defense to the case of Colinsky Consulting v. Rikjoy and Holloway, Defendants filed a Motion Craving Oyer in which they requested that Colinsky's bankruptcy petition be added to the pleadings of the case.

A motion craving oyer is used to force a party to file with the court of record documents mentioned in the pleadings, but not attached thereto. *Smith v. Wolsiefer*, 119 Va. 247, 89 S.E. 115 (1916). "[T]he right to crave oyer of papers *mentioned in a pleading*, applies only to specialties[2] and letters of probate and administration, *not to other writings*, and only applies to a deed when the party pleading relies upon the direct and intrinsic operation of the deed." *Id.*, 119 Va. at 250, 89 S.E. at 116 (quoting *Langhorne v. Richmond R. Co.*, 91 Va. 369, 22 S.E. 159 (1895)) (emphasis added). A defendant may crave oyer of all documents that form the basis of a plaintiff's claim, as "[n]o intelligent construction of any writing or record can be made unless all of the essential parts of such paper or record are produced." *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382, 191 S.E. 764, 765 (1937). "A litigant has no right to put blinkers on the Court and attempt to restrict its vision to only such parts of the record as the litigant thinks tend to support his view." *Id.*, 168 Va. at 382-83, 191 S.E. at 765. "When a court is asked to make a ruling upon any paper or record, it is its duty to require the pleader to produce all material parts." *Id.*

Defendants can crave oyer of all documents mentioned in the pleadings, as long as the document forms a basis for any of the plaintiff's claims. *Sjolinder v. American Enterprise Solutions, Inc.*, 51 Va. Cir. 436, 437 (Charlottesville 2000). However, simple mention of the document in the pleading does not justify its incorporation into the pleadings. *Id.* Based upon the well-settled law of Virginia, there is no basis for this Court to allow Colinsky's bankruptcy petition to be considered as part of the pleadings in this case. The bankruptcy petition is neither a "specialty," letter of probate and administration, nor a deed. Additionally, the petition does not form a basis of the Plaintiff's claims as asserted in its Motion for Judgment.

Furthermore, Plaintiff's claim, as contained in the Motion for Judgment, is based upon a breach of the Consulting Agreement. The bankruptcy petition has no measurable relevance to the cause of action for breach of contract. Although the petition may be relevant to the Third-Party Motion for Judgment, the Defendants/Third-Party Plaintiffs can readily amend their pleading to include the bankruptcy petition so that it can be considered in the determination of that claim. If the bankruptcy petition is indeed factually relevant to the instant matter, it can also be introduced through the ordinary channels of evidence production.

---

[2] *Specialty*: a contract under seal. A writing sealed and delivered, containing some agreement or given as a security for the payment of a debt, in which such debt is specified. *Black's Law Dictionary*, 1571 (4th ed. 1951).

A defendant is entitled to crave oyer of a document that forms the basis of the Plaintiff's claim(s). In this case, however, the bankruptcy petition does not form the basis of this Plaintiff's claim. Therefore, Defendants' Motion Craving Oyer is overruled.

### Demurrer to the Third-Party Motion for Judgment

In its Demurrer, Third-Party Defendant Colinsky alleges that the Third-Party Motion for Judgment fails to state a cause of action upon which relief may be granted, and he raises several arguments in support of this allegation. Colinsky argues that (1) to the extent the Third-Party Motion for Judgment sounds in tort, it fails to state a cause of action for fraud because the doctrine of caveat emptor applies; (2) that if Colinsky is personally liable on the contract, there is no case by Colinsky Consulting versus Holloway or Rikjoy and thus, no viable third-party claim; (3) that the remaining allegations fail to establish a cause of action against Colinsky because the seller of the property was Lou's, not Colinsky, and, thus, the Third-Party Motion for Judgment would have to be maintained by Rikjoy against Lou's; and (4) there is no cause of action based upon the Consulting Agreement because nothing is alleged stating that Colinsky failed to render his agreed to consultation services. Colinsky has also alleged affirmative defenses and made a Motion in Limine and a Plea in Bar; however, this Opinion shall address only his Demurrer.

A demurrer tests the sufficiency of factual allegations to determine whether a motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

According to the Rules of the Virginia Supreme Court, the pleading "shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Rule 1:4(d). The Court may consider the pleading and attached exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). A motion for judgment shall not be dismissed on demurrer if it is written in such a way as to clearly inform a defendant of the true nature of the claim asserted

against him. *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749 (1951). However, where a motion for judgment contains sufficient allegations of material facts to inform the defendant of the nature of the claim, the pleader need not "descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). If the defendant cannot mistake the true nature of the claim, the court should overrule the demurrer. *Id.*

## Fraud

Although the Third-Party Motion for Judgment does not specifically title it as such, it appears to assert a cause of action for actual fraud based on concealment of facts material to Third-Party Plaintiffs' decision to purchase the real estate. In Virginia, actual fraud must be specifically pleaded with facts supporting the allegation. *Potts v. Mathieson Alkali Works*, 165 Va. 196, 220, 181 S.E. 521 (1935). "Where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Engineering Servs., Inc.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (citations omitted).

The elements of a cause of action for fraud are: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387 (1994). Regarding the false representation element, the Virginia Supreme Court continually emphasizes that concealment of a material fact may constitute sufficient misrepresentation to maintain a fraud action. *Van Deusen v. Snead*, 247 Va. 324, 327, 441 S.E.2d 207, 209 (1994); *Spence v. Griffin*, 236 Va. 21, 28, 372 S.E.2d 595, 598-99 (1988); *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984); see also Restatement (Second) of Contracts, § 160 (1979) (stating that "action intended or known to be likely to prevent another from learning a fact is equivalent to an assertion that the fact does not exist ... [concealment] is always equivalent to a misrepresentation"). However, proof of misrepresentation by nondisclosure requires "evidence of a knowing and a deliberate decision not to disclose a material fact." *Norris v. Mitchell*, 255 Va. 235, 241, 495 S.E.2d 809, 812 (1998).

Furthermore, "to establish fraud, it is essential that the defrauded party demonstrates the right to reasonably rely upon the misrepresentation." *Metrocall of Del., Inc. v. Continental Cellular Corp.*, 246 Va. 365, 374, 437

S.E.2d 189, 194-95 (1993) (citing *American Sur. Co. v. Hannah*, 143 Va. 291, 301, 130 S.E. 411, 414 (1925)). "[S]ome courts label this requirement 'justifiable reliance'." *Metrocall*, 246 Va. at 374, 437 S.E.2d at 195 (quoting *Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir. 1984)).

In the instant case, Rikjoy and Holloway appear to meet their burden of specifically pleading fraud. Regarding the false representation and material fact elements, they allege that Colinsky concealed "materially adverse conditions," citing specific facts which he allegedly failed to disclose. As for the next two elements, the Third-Party Plaintiffs allege, albeit disorderly, that Colinsky intentionally and knowingly made these omissions, stating that the failure to disclose was a result of Colinsky's conflict of interest and was done to induce them to buy the business and property. The reliance element is satisfied by repeated statements in the Third-Party Motion for Judgment that Rikjoy and Holloway were "[r]elying on the advice of Colinsky." Finally, the resulting damage element is pleaded by the Third-Party Plaintiffs' claim that the alleged fraud caused them to sustain monetary damages.

After considering all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts, the Court finds that the Third-Party Motion for Judgment states a cause of action for fraud. As such Colinsky's Demurrer as to the fraud count is overruled.[3]

### Viability of the Third-Party Claim and Cause of Action Against Colinsky

Colinsky claims that, if he is personally liable under the Consulting Agreement, there is no case by Colinsky Consulting versus Holloway or Rikjoy and, thus, no viable third-party claim. He then alleges that the Third-Party Motion for Judgment fails to establish a cause of action against him personally because Lou's was the actual seller. Therefore, claims Colinsky, the Third-Party Motion for judgment would have to be maintained by Rikjoy against Lou's.

Colinsky's arguments are not persuasive because, at the demurrer stage, the Court must admit as true all material facts properly pleaded. The Third-

---

[3] Colinsky argues that the doctrine of caveat emptor applies to the fraud claim in the instant case. While this may be true, a demurrer is not the appropriate vehicle for raising this issue. A Motion for Summary Judgment would be a more appropriate tool for addressing the affirmative defense of caveat emptor. Thus, this argument has no relevance to the instant decision.

Party Motion for Judgment alleges that the parties entered into the Consulting Agreement, which Colinsky signed as President of Colinsky Consulting, and that Colinsky became personally liable to the Third-Party Plaintiffs under this Agreement. Third-Party Mot. for J. at 1. It further alleges that Colinsky breached the Consulting Agreement, resulting in damages to the Third-Party Plaintiffs. *Id.* at 3, 6. Taking these alleged facts as true, which is required at this stage of the proceedings, the Court finds that a viable cause of action exists against Colinsky, resulting from a breach of the Consulting Agreement.

Virginia's Rules of Court allow defending parties to bring third-parties into pending actions when such parties are liable for all or part of the plaintiff's claim against them. Rule 3:10. Furthermore, the Virginia Code states that "[a] party asserting ... [a] third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined *arise out of the same transaction or occurrence.*" Va. Code Ann. § 8.01-281 (Michie 2000) (emphasis added). Rule 3:10 and § 8.01-281 have been referred to as procedural devices that promote judicial economy by having all claims, actual or potential, arising from the same transaction or occurrence determined in one proceeding. *Virginia Int'l Terms., Inc. v. Ceres Marine Terms., Inc.*, 879 F. Supp. 31 (E.D. Va. 1995).

In considering a demurrer, a court must admit the truth of facts that may be fairly and justly inferred from alleged facts. In the instant case, the Third-Party Plaintiffs seek to bring Colinsky, who is not a party to the instant action, into the case as a Third-Party Defendant. Rikjoy and Holloway appear to argue that they breached the Consulting Agreement because of Colinsky's actions. Thus, where Rikjoy and Holloway may be liable to Colinsky Consulting, if it was a valid corporation at the time of contracting, Colinsky is thus liable to them because his actions may have amounted to fraud, thus inducing them to buy the business and real estate. Alternatively, it seems that even if Colinsky Consulting was not a valid corporation[4] and Colinsky is personally liable, his actions relating to the sale of the business also may have

---

[4]  Colinsky argues that the standard for piercing the corporate veil was not pleaded and thus, subject to demurrer. However, as will be discussed throughout this Opinion, to withstand demurrer, the pleading only has to give notice to inform the party of the claims against it and this is what is pled in the instant case. Furthermore, contrary to Colinsky's assertion, there is no pleading requirement set forth in *Cheatle v. Rudd,* and the burden of showing that the corporate entity was the alter ego of the individual to be charged lies on the party seeking to pierce the corporate veil. 234 Va. 207, 212, 360 S.E.2d 828 (1987).

caused a breach of the Consulting Agreement. As such, it can be inferred that Colinsky is liable for Colinsky Consulting's claim against Rikjoy and Holloway. As such, they may bring him into the pending action under Rule 3:10. Furthermore, the Third-Party Plaintiffs' allegations of the fraud in the sale of the real estate and breach of the Consulting Agreement and Colinsky Consulting's claim of breach of the same Agreement apparently arose out of the same occurrence, which satisfies the criteria specified in Code § 8.01-281.

The Court finds that the Third-Party Motion for Judgment states a viable third-party claim and cause of action against Colinsky. Furthermore, the facts of both of these Motions for Judgment are intertwined and should be sorted out in one proceeding. Furthermore, the use of the Third-Party Motion for Judgment in this situation promotes judicial economy. As such, Colinsky's Demurrer regarding these issues is overruled.

### *Validity of Cause of Action Based upon the Consulting Agreement*

Colinsky claims that the Third-Party Motion for Judgment makes no allegation that he failed to render consultation services. However, a close reading of the pleading reveals that Rikjoy and Holloway claim Colinsky breached his agreed to services through his allegedly fraudulent actions in relation to the sale of the real estate, which impacted the viability of their business. The pleading asserts that Colinsky's advice and alleged material non-disclosures were in direct contradiction to the requirements of the Consulting Agreement. Therefore, contrary to the assertion in Colinsky's Demurrer, the Third-Party Plaintiffs alleged that this contradiction resulted in a breach of the Consulting Agreement. As such, this ground of Colinsky's Demurrer is overruled.

For the reasons stated above, it is the ruling of this Court that Third-Party Defendant Colinsky's Demurrer is overruled. The Motion Craving Oyer, filed by Defendants Rikjoy and Holloway in the action filed against them by Colinsky Consulting, is also overruled.

It is so ordered.