470

## CIRCUIT COURT OF ROCKINGHAM COUNTY

Ann A. Monger

v.

Shirley S. Herring,
Kurt C. Herring,
and Golden Rule Home, L.L.C.

November 6, 2009

Case No. CL09-000218

BY JUDGE JAMES V. LANE

This matter came before the Court on the defendants' demurrer and plea in bar, defendant's motion craving *oyer*, plaintiff's demurrer to the defendants' counterclaims, and plaintiff's motion to disqualify counsel. After oral argument on October 29, Ms. Bonnie L. Paul of the defense apprised the Court of a proposal to Mr. Steven M. Blatt regarding the production of 2001 power of attorney by his client for consideration by the Court on the pending demurrers. The Court is now in receipt of a letter from Mr. Blatt rejecting Ms. Paul's proposal. Therefore, having reviewed the parties' memoranda and the applicable law, the Court now rules as follows.

*Defendants' Demurrer to Plaintiff's Complaint*

On demurrer, the Court determines whether the complaint states a cause of action upon which relief may be granted. *Bell v. Saunders*, 278 Va. 49, 53 (2009). "A demurrer admits the truth of all properly pleaded material facts. All

reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Id.* (internal quotations and citations omitted). Defendants demur on two grounds: first, that plaintiff, by relying on the automatic legal revocation of the 1984 power of attorney by the 2001 power of attorney, fails to state a cause of action (as a subsequent power of attorney, it is argued, does not automatically revoke a previous one); second, defendants demur on the ground that plaintiff lacks standing.

A. *Ground 1*

The defendants frame the issue as whether a subsequent power of attorney, as a matter of law, revokes a previous power of attorney. The legal effect of the subsequent power of attorney is at issue because the 2001 power of attorney is not part of the pleadings, and, therefore, the possible existence of a revocation clause is also not before the court. At oral argument, counsel for the plaintiff argued that the 2001 power of attorney contained a revocation clause. However, the Court will not consider this assertion because at demurrer, the Court is limited to the allegations in Plaintiff's complaint and may not expand the record to include other matters or evidence. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993).

The defendants argue that there is no legal authority for the principle that the execution of a subsequent power of attorney appointing the same person revokes the earlier appointment. However, the Court need not reach that question because it finds that the Plaintiff has pleaded sufficient facts of actual revocation by Dallas Herring. *See* Va. Code § 11-9.2 (attorney-in-fact may act pursuant to his power of attorney so long as he has not received actual notice or knowledge of revocation). Paragraph 14 of the plaintiff's complaint alleges:

> That, prior to becoming incompetent, the said Dallas C. Herring revoked the 2001 Power of Attorney and communicated to the said Defendant, Shirley S. Herring, that the 2001 Power of Attorney had been revoked *and that she was no longer his agent in fact.*

(italics added.)

On demurrer, the Court accepts the plaintiff's factual allegation that Dallas Herring communicated to Shirley Herring the revocation of all her agency powers, which would naturally include the 1984 power of attorney. The Court thus finds that plaintiff has pleaded sufficient facts as to the revocation issue, and defendants' demurrer is overruled as to this ground.

## B. *Ground 2*

The defendants argue that plaintiff lacks standing to sue Shirley Herring as attorney-in-fact because the fiduciary duties she owed were to her principal, Dallas Herring, and not to third parties. The alleged breach of those duties, defendants argue, creates a cause of action for Dallas Herring's estate, and not for the plaintiff. The plaintiff argues that she has standing because the alleged breach of fiduciary duties by Shirley Herring as attorney-in-fact caused the principal, Dallas Herring, to breach the buy-sell contract he formed with the plaintiff. "A principal is liable to the other contracting party who has been damaged by the agent's negligent performance of the principal's *contract* with the other party. And we see no reason why the negligence agent's act should not impose upon him the same liability." *Miller v. Quarles*, 242 Va. 343, 347-48 (1991) (emphasis in original). Under *Miller*, where an agent's breach of fiduciary duties causes his principal to breach a contract with the third party, the third party has standing to sue the agent. Here, the plaintiff alleges that Shirley Herring, as former attorney-in-fact for Dallas Herring, breached her fiduciary duties to Dallas Herring and in so doing caused him to breach his buy-sell contract with the plaintiff. Therefore, the Court finds that plaintiff has standing to sue Shirley Herring as former attorney-in-fact for Dallas Herring. The Court thus overrules the demurrer as to this ground.

### *Defendants' Motion Craving Oyer*

In their motion, defendants crave *oyer* of three documents. However, at oral argument defense counsel indicated that only the document creating the 2001 power of attorney remained at issue, and thus the Court will address only that document here. "A motion craving oyer is used to force a party to file with the court of record documents mentioned in the pleadings, but not attached thereto." *Smith v. Wolsiefer*, 119 Va. 247 (1916). However, this power is not absolute, as "the right to crave *oyer* of papers mentioned in a pleading applies only to specialties and letters of probate and administration, not to other writings, and only applies to a deed when the party pleading relies upon the direct and intrinsic operation of the deed." *Id.* at 250. The document craved must form an essential part of one of the plaintiff's claims. *See Colinsky Consulting, Inc. v. Holloway*, 57 Va. Cir. 403 (Norfolk 2002) (denying motion where bankruptcy petition did "not form a basis of the Plaintiff's claims"); *Bagwell v. City of Norfolk*, 59 Va. Cir. 205 (Norfolk 2002) (memoranda craved were "not documents upon which Plaintiffs based

their claim"); *Ragone v. Waldigel*, 54 Va. Cir. 581 (Roanoke 2001) (craving *oyer* applies to document sued upon or collateral document which is necessary to Plaintiff's claim).

Defendants argue that the plaintiff's "entire case is based on the existence of [the 2001] written power of attorney." (Def. Reply in Supp. at 1.) The plaintiff argues that the defendants and one of the attorneys for the defense is in possession of the document and that a party cannot crave *oyer* of a document that it possesses. The Court need not reach the plaintiff's arguments because the Court finds that, at the demurrer stage of this case, the 2001 document is not essential to plaintiff's case. Boiled down, the plaintiff alleges that Shirley Herring did not have a power of attorney when she made certain transfers and took other actions on behalf of Dallas Herring in 2008. Part of the plaintiff's basis for alleging that Shirley Herring had no such power was that the 2001 document, either expressly or as a matter of law, revoked the 1984 power of attorney under which Shirley Herring acted in 2008. However, the plaintiff has alleged an independent basis for the revocation in her pleadings, specifically that Dallas Herring expressly communicated to Shirley Herring that she was no longer his agent or attorney-in-fact, which would revoke the 1984 power of attorney with or without the existence of the 2001 document.

The Court therefore denies the defendants' Motion Craving *Oyer* at this time.

*Plaintiff's Demurrer to Defendants Golden Rule's Counterclaim*

Defendant Golden Rule Home, L.L.C. ("Golden Rule") filed a counterclaim against plaintiff, who filed a demurrer. Golden Rule alleges that Dallas Herring instructed the plaintiff to deliver the 2001 power of attorney document to Shirley Herring and that the plaintiff concealed the document and refused to deliver it. Golden Rule alleges that the plaintiff thereby interfered with the authority granted by Dallas Herring to his wife, Shirley Herring, that Dallas Herring relied on the plaintiff as a fiduciary, and that the plaintiff breached his trust. The plaintiff demurs on the ground that Golden Rule fails to set out a discernable cause of action in either contract or tort and that Golden Rule lacks standing to bring this counterclaim.

Based on the existing counterclaim, the Court cannot see how the plaintiff's alleged breach of Dallas Herring's trust regarding delivery of the 2001 power of attorney to Shirley Herring resulted in actionable harm to Golden Rule. As noted by the plaintiff, only the executor of Dallas Herring's estate has standing to bring a claim for a breach of fiduciary duty that Dallas Herring suffered prior to his death. *See Campbell v. Harmon*, 271 Va. 590 (2006).

Therefore, the Demurrer is sustained as to Golden Rule's Counterclaim. Golden Rule is given leave to amend its Counterclaim to state a cognizable cause of action.

### *Plaintiff's Demurrer to Defendant Shirley Herring's Counterclaims*

With her answer, Defendant Shirley Herring filed three counterclaims against plaintiff. In that filing, Shirley Herring both answered and counterclaimed as "Executor of the Estate of Dallas Herring." Plaintiff demurred on the ground that Shirley Herring was not sued in her capacity as executor of Dallas Herring's estate. Defendant argued in her response brief and at oral argument that the initial counterclaim was a misnomer and that leave should be freely given to allow her to amend her counterclaim to reflect the capacities in which she was sued in the present matter. Defendant filed her Amended Counterclaim on October 19, 2009. Plaintiff then filed a Motion to Strike the Amended Counterclaim on the grounds that, *inter alia*, the Court had not given permission to amend and that a new plaintiff may not be substituted into a suit where the first plaintiff lacked standing. *See Chesapeake House on the Bay v. Virginia National Bank*, 231 Va. 440 (1986). Paragraph 4 of the plaintiff's motion to strike asserted that the amended counterclaims do not state a cause of action against plaintiff. However, plaintiff did not assert specific grounds to support such a finding. *See* Va. Code Ann. § 8.01-273.

In the interest of furthering the ends of justice, the Court finds that Shirley Herring's initial counterclaims were filed by misnomer in her capacity as executor of Dallas Herring's Estate and grants leave for the amended counterclaims filed with the Court. The plaintiff's motion to strike is denied. Plaintiff is given leave to file a demurrer to the counterclaims of Shirley Herring in her capacity as an individual, trustee for the Herring Family Trust, and Attorney-in-Fact for Dallas Herring.

### *Plaintiff's Demurrer to Defendant Kurt Herring's Counterclaim*

Defendant Kurt Herring filed a counterclaim against plaintiff alleging that plaintiff's concealment of the 2001 power of attorney from Shirley Herring constituted a fraud that injured him to the extent of $10,000. The counterclaim also asks for $50,000 in punitive damages. The counterclaim, similar to that of Golden Rule, alleges that plaintiff breached the trust of Dallas Herring by refusing to deliver the 2001 power of attorney to Shirley Herring. The counterclaim alleges that "[plaintiff's] acts were intentional, with reckless disregard, and designed to harm this defendant." (Pl. Kurt Herring

Ans. and Countercl. at 5.) Plaintiff demurs on the ground that Kurt Herring has not set forth the essential facts of a claim for fraud and that Kurt Herring lacks standing to sue plaintiff.

The Court agrees with the plaintiff that the counterclaim does not state each requisite element of fraud. Even if plaintiff concealed the 2001 power of attorney from Shirley Herring, there is no fact alleged to indicate that Kurt Herring relied on this concealment to his detriment. Essentially, Kurt Herring argues that, by not challenging the transfers at the time they were made, plaintiff defrauded him into believing that he could keep the disputed property, which results in damages up to and beyond the amount of that property's value. Kurt Herring's argument may resemble laches or unclean hands, which are both defenses and not affirmative causes of action. Because Kurt Herring has not shown how he relied upon plaintiff's alleged concealment or how he was consequently damaged, the Court need not reach the issue of standing.

Defendant Kurt Herring is given leave to amend his counterclaim for fraud.

### Motion to Disqualify Counsel

The Court finds, at this time, that plaintiff's Motion to Disqualify Counsel depends entirely upon the contents of the 2001 power of attorney document, which plaintiff alleges is in the possession of counsel to be disqualified. At oral arguments, the issue of an in-camera review by the court was discussed, and defense counsel suggested that the parties brief the issue prior to the Court's ruling on it.

The Court therefore asks plaintiff to submit a motion and memorandum of law regarding the issue of an in-camera review of that document and for defendants to reply accordingly.