## CIRCUIT COURT OF THE CITY OF ROANOKE

Tracie L. Ragone

v.

Waldvogel, Poe, and Cronk
Real Estate Group, Inc.,
and Michael M. Waldvogel

Case No. CL00-1435

BY JUDGE ROBERT P. DOHERTY, JR.

### March 6, 2001

Plaintiff's employment agreement called for her to receive a portion of the commission earned by the individual Defendant on real estate sales contracts entered into after a certain date. Her motion for judgment, which incorporates her employment agreement, alleges that Defendants refused to pay her a commission on a specific real estate sales contract. Defendants crave oyer as to the specific real estate sales contract and as to the related documents leading up to it. Plaintiff opposes this motion claiming that her suit deals only with a breach of her employment contract and that no other documents should be treated as though they were part of her pleadings. The Court finds partially in favor of both parties.

Historically, a motion to crave oyer was a device whereby a party to a lawsuit could ask the court to require that a deed or similar sealed writing, which was relied upon in the opposition pleadings, either directly or indirectly, be made part of the record. If oyer was granted the deed was treated as though it were fully set out in the opposition's pleadings *in haec verba*. This gave the party craving oyer the chance to file a plea in abatement if a variance existed between the formal pleading and the document which was made part of the

record by oyer. It also allowed for more specific demurrers. See T. M. Boyd & W. Koontz, *Burks Pleading and Practice*, § 332 (4th ed. 1952).

In modern day practice, a motion to crave oyer is a request of the Court to require that a document sued upon, or a collateral document which is necessary to the Plaintiff's claim, be treated as though it were part of the Plaintiff's pleadings. See *Burton v. F. R. Seifert & Co.*, 108 Va. 338, 350 (1908); *Sjolinder v. American Enterprise Solutions, Inc.*, 51 Va. Cir. 436 (2000); and 14B Michie's Jurisprudence, *Profert and Oyer*, §§ 1-5. Under the facts of this case, the specific sales contract for Valley Pointe is relied upon by the Plaintiff and is necessary to her claim. To that document oyer is granted. The remaining documents for which oyer is craved are merely evidentiary material. As to those documents, the motion to crave oyer is denied.

## May 11, 2001

This matter is before the Court on Defendant Michael M. Waldvogel's demurrer. Mr. Waldvogel is the President of Waldvogel, Poe & Cronk and a licensed real estate agent and broker. In an undated letter addressed to the Plaintiff, Mr. Waldvogel memorialized an employment agreement between the firm of Waldvogel, Poe & Cronk and the Plaintiff. The letter outlined the Plaintiff's duties as assisting Mr. Waldvogel in the daily administration of his practice and based her salary, in part, on a percentage of the commissions Mr. Waldvogel received on closed contracts, sales and leases. The letter was not on letterhead stationery and did not include Mr. Waldvogel's title as President.

Plaintiff alleges that Waldvogel's failure to sign the employment agreement in his official capacity renders him personally liable for any breach of the employment contract. Plaintiff also alleges that because she was employed to assist Mr. Waldvogel and her salary is based on his commissions, he is personally liable.

The Defendant Waldvogel contends that he cannot be held personally liable for an employment contract to which he was not a party. The Court agrees with the Defendant's position. The employment agreement signed by Waldvogel and the Plaintiff is attached to the pleadings and before the Court for consideration. The first paragraph of the employment agreement clearly states that it is setting forth the terms of Plaintiff's employment at the firm. The employment agreement further reads that "We are excited about the future of our team and very pleased that you have elected to associate with our firm." Waldvogel is consistently referred to in the third person and undertakes no personal obligations with regard to the employment or payment to the

Plaintiff. Despite the fact that he did not refer to his title as President, it is clear from the language of the letter that he signed it as an agent of the corporation. Thus it is apparent from the plain language of the employment agreement that the firm and the Plaintiff are the only parties to the agreement. The fact that the letter was not on letterhead stationery does not change the clear and explicit language of the letter. See, e.g. *Sturm v. Boker*, 150 U.S. 312, 326-27 (1893); *Arbuckle Bros v. Gates & Brown*, 95 Va. 802, 805 (1898). Only a person who is a party to a contract may sue and be sued for an alleged breach of that contract. There is no privity of contract between Plaintiff and Defendant, Waldvogel. See *Ward v. Ernst & Young*, 246 Va. 317, 329, 435 S.E.2d 628 (1993). Mr. Waldvogel is not a proper Defendant in this cause of action.

The demurrer as to Defendant Waldvogel is sustained.