## CIRCUIT COURT OF THE CITY OF NORFOLK

R. L. Bagwell,
P. P. Galligan,
R. W. Dillard,
D. F. Chamberlin,
Harry R. Twiford,
and others similarly situated

v.

City of Norfolk

July 2, 2002

Case No. (Law) CL01-3045

BY JUDGE CHARLES D. GRIFFITH, JR.

On December 7, 2001, Norfolk Police Lieutenants R. L. Bagwell, P. P. Galligan, and R. W. Dillard, Plaintiffs, filed a Motion for Declaratory Judgment, in which they prayed that they and other similarly situated members of the Norfolk Police Department be permitted to participate in the City's employee relations committee process and that they be allowed to elect representatives to facilitate the same, along with a declaration that the City is in violation of City Code sections regarding employee committees. On January 2, 2002, the City of Norfolk, Defendant, filed a Demurrer, arguing that Plaintiffs' Motion for Declaratory Judgment is insufficient at law because the Norfolk City Code does not require the inclusion of Plaintiffs on employee relations committees. Defendant also filed a Motion Craving Oyer of memoranda written by Plaintiffs and other similarly situated police personnel. On April 19, 2002, after considering Plaintiffs Motion to Amend, Judge Martin of this Court entered an Order to include as Plaintiffs Norfolk Police Sergeants D. F. Chamberlin, Harry R. Twiford, and other similarly situated police supervisors (also referred to as Plaintiffs).

On or about May 6, 2002, Defendant filed a Brief in Support of its Demurrer and Motion Craving Oyer. On or about June 3, 2002, Plaintiffs filed their Memorandum in Opposition to Defendant's Demurrer and Motion Craving Oyer. On or about June 6, 2002, Defendant filed a Rebuttal Brief in Support of its Demurrer. Both the Demurrer and Motion Craving Oyer are the subjects of this Opinion.

*Demurrer*

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are property pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Rule 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

The City of Norfolk's "employee relations process," which is at issue in the instant case, is set forth in Norfolk City Code §§ 2-66 to 2-69. City Code § 2-66 addresses consideration of employment matters within the annual budget, whereas § 2-68 discusses employee committees generally, including creation, member, and election issues. Basically, the City Manager arranges the creation of employee committees in each department, the form and tenure of which shall be prescribed subject to the minimum standards established in the Code. Norfolk, Va., Code § 2-68. "Only active regular fill-time employees are eligible to serve on such committees." *Id.* The City Manager, or her designate, is to meet with the committees as specified in the Code. *Id.*, § 2-69. Regarding supervisors and managers, § 2-69(b)(1) states that the City Manager "may initiate means other than the procedures prescribed by this division for communicating with supervisors and managers or may include some such persons in the employee meetings." (Emphasis added.)

The plain language of Norfolk City Code § 2-69(b)(1) reveals that, for communicating with department or subdivision supervisors, the City Manager has the discretion to choose whether to include them in the employee relations committee process or to establish other means of communication. *See generally Board of Supv'rs v. Weems*, 194 Va. 10, 15, 72 S.E.2d 378, 381 (1952) (stating that "[u]nless it is manifest that the purpose of the legislature was to use the word 'may' in the sense of 'shall' or 'must' then 'may' should be given its ordinary meaning — permission importing discretion."). As such, according to the Code, the City Manager may choose not to include supervisory employees in employee relations committees.

Although the term "supervisors" is not defined in the City Code, it should be "given its ordinary meaning, given in the context in which it is used." *Rizzo v. Virginia Retirement Sys.*, 255 Va. 375, 382, 497 S.E.2d 852, 856 (1998). Applying that principle, the Court must conclude that the Plaintiffs are supervisors. However, no detailed analysis of the term "supervisor" is necessary, for in their Motion for Declaratory Judgment, Plaintiffs state that they are "employed as supervisory police personnel." Mot. for Decl. J., ¶ 3. As the Court must admit the truth of this properly pleaded fact, it finds that Plaintiffs have failed to state a cause of action for which relief may be granted because the City Manager was within her discretion to exclude Plaintiffs, as supervisory employees, from the committee meetings. Furthermore, Plaintiffs admit in their Motion for Declaratory Judgment that the City Manager offered to establish a procedure known as a "Police Department Management" (PDM) procedure. There being no requirement in the City Code other than that the City Manager "initiate means other than the procedures prescribed," the Plaintiffs have failed to establish a violation of the Code based upon the facts stated. Although Plaintiffs allege that the PDM procedure is contrary to the Code, the Court need not admit the correctness of Plaintiffs' conclusions of law.

For the reasons stated above, Plaintiffs have failed to state a cause of action upon which relief may be granted. Therefore, the Court sustains Defendant's Demurrer and dismisses the instant action without prejudice.

## Motion Craving Oyer

A motion craving oyer is used to force a party to file with the court documents mentioned in the pleadings, but not attached thereto. *Smith v. Wolsiefer*, 119 Va. 247, 89 S.E. 115 (1916). A Defendant may crave oyer of all documents that form the basis of Plaintiff's claim, as "[n]o intelligent

construction of any writing or record can be made unless all of the essential parts of such paper or record are produced." *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382, 191 S.E. 764, 765 (1937). "A litigant has no right to put blinkers on the Court and attempt to restrict its vision to only such parts of the record as the litigant thinks tend to support his view." *Id.*, 168 Va. at 382-83, 191 S.E. at 765. "When a court is asked to make a ruling upon any paper or record, it is its duty to require the pleader to produce all material parts." *Id.*

Several Virginia Circuit Courts have expressed the view that motions craving oyer should be limited to those documents that are necessary to a plaintiff's claim. E.g. *Ragone v. Waldvogel*, 54 Va. Cir. 581 (Roanoke 2001) (stating that "a motion to crave oyer is a request of the Court to require that a document sued upon, or a collateral document which is necessary to the Plaintiff's claim, be treated as though it were part of the Plaintiff's pleadings."); *Stoney v. Franklin*, 54 Va. Cir. 591 (Suffolk 2001) (stating that motions craving oyer should be limited to "those cases where the cause of action depended on a unique instrument, such as a deed, bond, or letters of probate") (citation omitted). Furthermore, motions craving oyer are not appropriate for documents that are merely evidentiary material. *Ragone*, 54 Va. Cir. 581. Although these decisions are not binding on this Court, their reasoning is nonetheless persuasive.

The documents upon which Defendant is craving oyer are memoranda written by certain Plaintiffs, other similarly situated police personnel, and the City Manager regarding the PDM procedure. They are not documents upon which Plaintiffs base their claim. Rather, the documents are merely evidence concerning the PDM procedure, and they are not properly considered in determining whether a valid cause of action has been pleaded. Therefore, Defendant's Motion Craving Oyer is overruled.

For the reasons stated above, it is the ruling of this Court that Defendant's Demurrer is sustained and its Motion Craving Oyer is overruled, and Plaintiffs' Motion for Declaratory Judgment is dismissed without prejudice. It is so ordered.