# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Betty B. Smith

v.

Lee Ann Sullivan
and S & S Insurance
Agency, Inc.

Case No. (Civil) CL15-1303

By JUDGE JOHN W. BROWN

October 21, 2015

This is a matter arising from a dispute between plaintiff Smith and defendant Sullivan regarding ownership, control, and profit sharing of S & S Insurance Agency. The complaint alleges that the plaintiff and defendant both worked for Allstate Insurance Company as employees until the year 2000, when Allstate terminated all its insurance agents and re-engaged most as independent contractors. Allstate apparently required that the independent contractors' insurance agents identify as corporate entities with only one former agent serving as principal of each entity. The parties created S & S as a result, and listed only defendant Sullivan as principal before re-engaging with Allstate. The corporate entity re-engaged with Allstate as an authorized independent contractor.

The complaint alleges that, "[s]ubsequent to the technical formation of the corporate entity Insurance Agency, Smith and Sullivan entered into a partnership agreement, which is attached hereto. . . ." Sullivan and Smith purchased the real estate located at 640 Independence Pkwy., Unit A-2,

and were equally, jointly, and severally liable on the loan. They allegedly formed Sullivan & Smith, L.L.C., to find and develop the property and lease it to S & S. The complaint states that S & S and the L.L.C. entered into a verbal lease under which the insurance agency would pay from its funds the mortgage, fees, utilities, etc. in exchange for exclusive use and possession of the property.

The plaintiff claims that the defendant locked her out of the property on June 15, 2012, and has since refused to allow her to "participate in any aspect of the partnership." The plaintiff seeks an accounting of all partnership business and a 50% interest in the profits derived therefrom.

The defendants demur on the basis that no relief can be granted because the "partnership agreement" could not convey any interest in the S & S corporate entity. Furthermore, the alleged partnership agreement does not state any consideration. The defendants therefore request that this Court sustain the demurrer to all counts of the plaintiff's complaint. They also request that the Court sustain the demurrer to the breach of fiduciary duty and tortious interference counts due to the lack of requisite specificity. The tortious interference with business expectancy count also fails, say the defendants, because the plaintiff does not allege the existence of a contract or contractual expectancy with a third party.

Additionally, the defendants crave oyer of any documents "that amplify and support Smith's claim that the 'Partnership Agreement' gives her any interest in the Corporation."

The defendants' plea in bar is based on their contention that the partnership agreement did not convey any interest in the corporation. Assuming for the sake of argument that the partnership agreement conveys some unspecified interest, the defendants maintain that any claims arising under it are time-barred.

### Plea in Bar

The defendants claim that the breach of fiduciary duty claim, Count III, is time-barred, as the statute of limitations for fiduciary duty claims is two years from the date of accrual. *See* Va. Code § 8.01-248; *Kopalchick v. Catholic Diocese of Richmond,* 274 Va. 332 (2007). However, the statute of limitations does not begin to run on a partner's right of action until the partnership "'has been completely wound up and terminated.'" *Roark v. Hicks,* 234 Va. 470, 475 (1987) (quoting *Horne v. Holley,* 167. Va. 234, 239 (1936)). The defendant presented no evidence regarding when the purported partnership wound up, and the complaint makes no allegations relevant on this point. The Court, therefore, denies the plea in bar with respect to Count III.

*Demurrer*

Count I of the plaintiff's complaint seeks "an accounting of all partnership business." Because the plaintiff's partnership claims fail, as discussed *infra,* the plaintiff has no basis on which to seek an accounting. The Court sustains the demurrer to Count I without prejudice.

Count II alleges a breach of the parties' "partnership agreement." However, the purported agreement cannot govern over the legally recognized and separate existence of S & S as a corporate entity. The complaint does not allege that S & S is a partner itself, and the face of the agreement gives no indication that this is the case. There is furthermore no allegation that the corporation conducted itself as a partnership, or that the plaintiff had any interest therein. *Cf. Boyd, Payne, Gates & Farthing, P.C. v. Payne, Gates, Farthing & Radd, P.C.,* 244 Va. 418, 430 (1992) ("Because Boyd, P.C., was a close corporation and its shareholders validly conducted the internal affairs of their law practice as a partnership, we hold that the trial court properly settled their rights and liabilities according to partnership law.").

Assuming, without deciding, that the parties agreed to share the profits of S & S, this did not automatically render them partners. *See, e.g., Atlantic Coast Realty Co. v. Townsend,* 124 Va. 490, 501 (1919) ("It is clear from the authorities that, if the parties merely occupy the relation of principal and agent, or employer and employee, no partnership can be predicated upon the fact that such agent or employee receives a share of the profits as compensation for his services or other benefits conferred."). If the parties intended to equally govern and share in the proceeds of S & S, Virginia law certainly makes provision for such an arrangement, regardless of Allstate's wishes (indeed, it would seem that the purported agreement is in contravention thereof); however, the parties did not formalize equal positions in S & S. The Court sustains the demurrer to Count II without prejudice.

Count III seeks recovery for breach of fiduciary duty. Because the plaintiff has not properly pleaded the existence of a partnership from which a fiduciary duty may arise, the Court sustains the demurrer to Count III.

Count IV, "interference with business expectancy," fails because, *inter alia,* the plaintiff does not allege the existence of a contract or expectancy with a third party; the count is based on the defendants' own relationships with the plaintiff. *See Fox v. Deese,* 234 Va. 412, 428-29 (1987) ("Although a party to a contract can be held liable for conspiring to breach his own contract, *Worrie v. Boze,* 198 Va. 533, 540 (1956), such a conspiracy requires the party to the contract to unite with a third person in effecting the breach of the contract."). The Court sustains the demurrer to this count without prejudice.

*Motion Craving Oyer*

"Sullivan craves oyer as to any documents that amplify and illuminate Smith's claim that the Partnership Agreement conveys to her any ownership interest in the corporation." It is important to note that the motion does not seek documents relied upon in the complaint, but not produced. Rather, it seeks unknown documents that would more properly be sought through the course of discovery. The defendants' motion craving oyer is overly broad and is consequently overruled. *See Bagwell v. City of Norfolk,* 59 Va. Cir. 205, 207-08 (Norfolk City 2002) (noting that motions craving oyer do not lie for the production of mere evidence).

The Court sustains the demurrer with leave to amend regarding Counts I, II, III, and IV of the complaint. The defendants' plea in bar is denied, and their motion craving oyer is overruled.

## March 15, 2016

This matter is before the Court on the defendants' demurrer and plea in bar to the plaintiff's amended complaint. The Court sustained a demurrer to the plaintiff's initial complaint by order of November 20, 2015, and provided leave to amend. Following the plaintiff's nonsuit of Count IV, the amended complaint contains three counts: (1) request for accounting; (2) breach of partnership agreement; and (3) breach of fiduciary duty. For the reasons that follow, the Court overrules the defendants' demurrer to all counts of the amended complaint and takes under advisement for future hearing the defendants' plea in bar.

### Demurrer to Count II

Because the validity of the partnership allegations controls the disposition of the remaining counts, the Court first addresses Count II.

The defendants argue that the amended complaint sets forth grounds that are no different than those initially alleged; the plaintiff merely added "conclusory and unsubstantiated allegations" that cannot form the basis for relief because the Court previously ruled that the existence of the corporate entity is controlling.

The plaintiff responds that the import of the Court's letter opinion is more reasonably construed as a determination that the facts of the initial complaint were not sufficient as stated to allege the existence of a partnership. The amended complaint provides the requisite factual support for such a claim, the plaintiff contends.

The Court agrees with the plaintiff's position. Absent factual explication of a partnership between Smith and Sullivan, the mere existence of the purported agreement could not control over the corporate legal entity. However, the corporate existence is not automatically determinative of this

case, and, in sustaining the demurrer to Count II of the initial complaint, the Court stated:

> There is furthermore no allegation that the corporation conducted itself as a partnership, or that the plaintiff had any interest therein. *Cf. Boyd, Payne, Gates & Farthing, P.C. v. Payne, Gates, Farthing & Radd, P.C.*, 244 Va. 418, 430 (1992) ("Because Boyd, P.C., was a close corporation and its shareholders validly conducted the internal affairs of their law practice as a partnership, we hold that the trial court properly settled their rights and liabilities according to partnership law.").

Hence, the Court granted leave to amend, and the instant complaint, by contrast, contains numerous allegations that S & S "would be [and was] operated as a partnership, despite its formation as a close corporation." (Amend. Compl. ¶ 12.) The plaintiff alleges, *inter alia,* an ownership interest in S & S, that stock ownership in the entity "was a mere formality," and, importantly, that "Sullivan and Smith conducted the internal affairs of S & S as a partnership," providing specific examples. (Amend. Compl. ¶ 13-15.) Contrary to the assertions of defense counsel at oral argument, these are not mere conclusory allegations that the Court is free to reject at the demurrer stage. *See, e.g., Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors,* 286 Va. 38, 44, 49 (2013) ("Although the individual complainants presented conclusory allegations as to possible harms, the general objections . . . present no factual background upon which an inference can be drawn that [the] particular use of the property would produce such harms and thus impact the complainants.").

These factual allegations thus place the instant case within the ambit of the authorities presented by the plaintiff on brief and in court. *See, e.g., Boyd, Payne, Gates & Farthing,* 244 Va. at 429-30 (treating close corporation as a partnership for the purpose of settling partners' rights and liabilities where the entity observed partnership, not corporate, formalities); *Deeds v. Gilmer,* 162 Va. 157, 258-59 (1934) (in settling creditors' dispute, the court treated the corporation as a partnership where owners "utterly disregarded its corporate entity, and dealt with its rights, property, and business as if they belonged to a partnership composed of themselves."); *Scott v. Scott,* 2007 Va. App. LEXIS 454, at *13 (2007) (unpublished opinion) (treating accounting firm as a partnership rather than a corporation for purposes of equitable distribution because it failed to observe corporate formalities); Va. Code § 13.1-671.1(F) (recognizing validity of a shareholder agreement that treats a corporation as a partnership). The Court consequently overrules the demurrer to Count II of the amended complaint.

### Demurrer to Count I

Given the Court's holding with respect to Count II, the plaintiff is entitled to an accounting pursuant to Va. Code §§ 8.01-31 and 50-73.101.

### Demurrer to Count III

The defendants' demurrer to this count is likewise based upon the alleged lack of fiduciary relationship between the parties. Because the Court has determined that the plaintiff has validly alleged the existence of a partnership, the demurrer to Count III is overruled.